IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| Industrial Environmental Services, LLC, | § | |
| An Oklahoma LLC; and Mike Williams, | § | |
| Individually and as Managing Member | § | |
| Of Industrial Environmental Services, LLC, | § | |
| An Oklahoma LLC | § | |
| | § | |
| VS. | § | CASE NO. 1:07-CV-178-C |
| | § | |
| World Investment Group, LLC (A Delaware | § | |
| LLC); Daniel H. Wilks; Farris Wilks; | § | |
| William Barker; and Franklin Autry, all | § | |
| Individually and as Members of World | § | |
| Investment Group, LLC (A Delaware LLC) | § | |

**DEFENDANTS WORLD INVESTMENT GROUP, LLC'S, DANIEL H. WILKS',
FARRIS WILKS', WILLIAM BARKER'S AND FRANKLIN AUTRY'S
OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS AND MOTION FOR PROTECTIVE ORDER
EXPRESSLY SUBJECT TO DEFENDANTS'
MOTION TO ENLARGE / EXTEND TIME TO SERVE OBJECTIONS,
ANSWERS AND PRODUCTION TO PLAINTIFF'S DISCOVERY
REQUESTS (PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS)**

TO THE HONORABLE JUDGE OF SAID COURT:

Come now **DANIEL H. WILKS, FARRIS WILKS, WILLIAM BARKER and
FRANKLIN AUTRY, Individually and as Members of World Investment Group, LLC,
and WORLD INVESTMENT GROUP, LLC,** and make and file this their objections to
Plaintiffs' First Request for Production of Documents and Motion for Protective Order
concerning said discovery, and as grounds therefore and in support thereof, would respectfully
show this Honorable Court as follows:

**EXPRESSLY SUBJECT TO PLAINTIFF'S MOTION TO ENLARGE AND EXTEND TIME TO SERVE OBJECTIONS, ANSWERS AND ACTUAL PRODUCTION TO DEFENDANT'S DISCOVERY REQUESTS (INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND TO TAKE DEPOSITION OF DESIGNATED REPRESENTATIVE WITH SUBPOENA DUCES TECUM) AND IN NO RESPECT WAIVING SAME, PLAINTIFF MAKES THE FOLLOWING OBJECTIONS WHICH IT IS ABLE TO MAKE AT THIS TIME:**

**Statement as to Discovery Status:   Per agreement of the parties, these objections and motion are being made at the time.   Discovery responses subject thereto are presently scheduled to be made later.   Certain of the discovery requests object to herein will be responded to with production, subject to said objections and motion for protective order.**

**General Objections and Motion for Protective Order Applicable to Definitions and Instructions Pertaining to All Requests for Production Herein:**

A.   Good cause exists for sustaining these objections and granting an order protecting Defendants from responding to same because:

  1.   The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

  2.   The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

B.   Defendants object to Definition and Instruction "A" wherein the term "You", "your", "yourself" or "Defendants" includes the legal representatives of World Investment Group, Daniel H. Wilks, Farris Wilks and William Barker and moves the Court for an order protecting Defendants from having to respond to same, because, as said Definition and Instruction applies to various requests for production herein, because same seeks the disclosure of matters which would constitute work product of attorneys for the named Defendants and matters which would be protected by the attorney – client privilege, which are protected from discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

C.   Defendants object to Definition and Instruction "A" where the definition of "Frac Tech" is included and includes its affiliates and subsidiaries, and moves the Court for an order protecting Defendants from having to respond to same, because said definition, as applicable to various requests for production herein, seeks the disclosure of documents, materials, and information neither relevant to the claims

2

or defenses of any party nor are they reasonably calculated to lead to the discovery of admissible evidence in this suit.

D.   Defendants object to Definition and Instruction "C" where the definition of "Documents" includes information – including results of investigations, reviews, desk calendars, appointment books, diaries, computer data, and other types of data compilations – written or electronically stored, including all that is apparently prepared by attorneys, and move the Court for an order protecting Defendants from having to respond to same, because same seeks the disclosure of information that would constitute work product of Defendants' attorneys and which would be protected by the attorney – client privilege.

E.   Defendants except and object to the terms "communication", "meeting" and "meetings", and move the Court for an order protecting Defendants from having to respond to same, because same are so broad as to encompass or include communications and meetings by and between Defendants and their attorneys and would include matters which would constitute work product of Defendants' attorneys as well as matters protected by the attorney – client privilege.

F.   Defendants except and object to the requirement that production be made in Amarillo, Texas at the offices of counsel for Plaintiffs, and move the Court for an order protecting Defendants from having to produce same anywhere other than Eastland County, Texas.

G.   OBJECTION TO AND MOTION FOR PROTECTIVE ORDER AND TO ENLARGE / EXTEND TIME FOR PRODUCING A SPECIFIC PRIVILEGE LOG: Defendants object that the voluminous, overly broad and global nature of Plaintiffs' requests is such that Defendants have been unable to assemble, identify, number and categorize by each specific privilege the documents sought within the time frame applicable hereto. Defendants seek a protective order to allow Defendants ample time to do so as to avoid waiving any of the privileges claimed for lack of specificity. Defendants also request an additional forty-five (45) days within which to produce a specific privilege log.

To the extent that discovery requests herein seek the production March 1, 2006, Responding Party (Parties) respectfully submits that it does not have access to or possession (actual or constructive) of all such documents, with, it is believed, said documents remaining in the care, custody and control of Mike Williams.

### Specific Objections and Motions for Protective Order Applicable to Specific Requests for Production Herein:

**1.   REQUEST FOR PRODUCTION NO. 1**: Please produce legible copies of any and all written or recorded statements of any individual alleged to have knowledge of the matters made the basis of this suit.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:   Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.    The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

b.    The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

Grounds for objection and protective relief:

a.    Due to this discovery request being overly broad, this discovery request seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendants hereby assert, and are, accordingly, protected from disclosure or discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.

b.    This discovery request is overly broad and seeks the disclosure of matters which constitute work product and are, accordingly, privileged and protected from disclosure pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

c.    This discovery request is overly broad and seeks the disclosure of matters which were prepared in anticipation of litigation or for trial which are protected from discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

**2.    REQUEST FOR PRODUCTION NO. 2**:   Please produce legible copies of any and all documents or statements taken from any witness regarding the matters in question.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:   Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.      The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

b.      The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

Grounds for objection and protective relief:

a.      This discovery request seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendants hereby assert, and are, accordingly, protected from disclosure or discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.

b.      This discovery request seeks the disclosure of matters which constitute work product and are, accordingly, privileged and protected from disclosure pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

c.      This discovery request seeks the disclosure of matters which were prepared in anticipation of litigation or for trial which are protected from discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

**3.      REQUEST FOR PRODUCTION NO. 3**: Please produce legible copies of any and all documents, including videotapes and photographs provided by you or your attorney to your expert  witnesses, regarding the matters made the basis of this lawsuit.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:   Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.      The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable

provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

b.    The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

Grounds for objection and protective relief:

a.    This discovery request, as written, seeks the disclosure of matters concerning consulting-only expert witnesses which exceeds the scope of discovery permitted for such witnesses pursuant to Rule 26(b)(2) of the Federal Rules of Civil Procedure.

b.    This discovery request seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendant hereby asserts, and are, accordingly, protected from disclosure or discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.

c.    This discovery request seeks the disclosure of matters which constitute work product and are, accordingly, privileged and protected from disclosure pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

d.    This discovery request seeks the disclosure of matters which were prepared in anticipation of litigation or for trial which are protected from discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

**4.    REQUEST FOR PRODUCTION NO. 5**:    Please produce all documents, communications, and other tangible things used by, prepared by, prepared for, or furnished to each expert, including all written reports, learned treatises (books, journal articles, texts, or other publications), and all tests and calculations done by the expert or reviewed by him, whether or not such tests or calculations form the basis of the opinion.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:    Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.    The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable

provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

b.      The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

Grounds for objection and protective relief:

a.      This discovery request seeks the disclosure of matters concerning consulting-only expert witnesses which exceeds the scope of discovery permitted for such witnesses pursuant to Rule 26(b)(2) of the Federal Rules of Civil Procedure.

b.      This discovery request seeks the disclosure of matters from non-retained testifying expert witnesses which exceeds the scope of discovery permitted for such witnesses pursuant to Rule 26(b)(2) of the Federal Rules of Civil Procedure.

c.      Due to being overly broad, this discovery request seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendant hereby asserts, and are, accordingly, protected from disclosure or discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.

d.      Due to being overly broad, this discovery request seeks the disclosure of matters which constitute work product and are, accordingly, privileged and protected from disclosure pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

e.      Due to being overly broad, this discovery request seeks the disclosure of matters which were prepared in anticipation of litigation or for trial which are protected from discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

**5.**      **REQUEST FOR PRODUCTION NO. 6**: Please produce legible copies of any and all documents, including videotapes and photographs, provided by your expert witnesses to you or your attorney regarding the matters, made the basis of this lawsuit.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**: Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.   The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

b.   The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

Grounds for objection and protective relief:

a.   This discovery request seeks the disclosure of matters concerning consulting-only expert witnesses which exceeds the scope of discovery permitted for such witnesses pursuant to Rule 26(b)(2) of the Federal Rules of Civil Procedure.

b.   This discovery request seeks the disclosure of matters from non-retained testifying expert witnesses which exceeds the scope of discovery permitted for such witnesses pursuant to Rule 26(b)(2) of the Federal Rules of Civil Procedure.

c.   Due to being overly broad, this discovery request seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendant hereby asserts, and are, accordingly, protected from disclosure or discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.

d.   Due to being overly broad, this discovery request seeks the disclosure of matters which constitute work product and are, accordingly, privileged and protected from disclosure pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

e.   Due to being overly broad, this discovery request seeks the disclosure of matters which were prepared in anticipation of litigation or for trial which are protected from discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

**6.    REQUEST FOR PRODUCTION NO. 7**: Please produce copies of all organizational documents of World Investment Group, LLC, including but not limited to:

a.   all articles of organization and regulations adopted by World Investment from its inception to the present, including any amendments or modifications thereto;

b.   all designations of managers of World Investment, from its inception to the present, including any amended or supplemental designation (both internal and filed with any governmental authority);

c.   all Plans of Operation or Operating Agreements pertaining to World Investment, from its inception to the present, including any amended plans or agreements ; and

d.   all documents issued by or through any governmental entity or agency showing the organizational status of World Investment from its inception to the present.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:   Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.      The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

b.      The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

Grounds for objection and protective relief:

a.      This discovery request exceeds the scope of discovery permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure in that it seeks the disclosure of matters that are neither relevant to the claims or defenses of any party nor are reasonably calculated to lead to the discovery of evidence admissible in this suit.

**7.      REQUEST FOR PRODUCTION NO. 10**:  Please produce copies of all organizational documents of Frac Tech, including but not limited to:

a.      all articles of organization and regulations adopted by Frac Tech, from its inception to the present, including any amendments or modifications thereto;

b.      all designations of managers of Frac Tech, from its inception to the present, including any amended or supplemental designation (both internal and filed with any governmental authority);

c.      all Plans of Operation or Operating Agreements pertaining to Frac Tech, from its inception to the present, including any amended plans or agreements ; and

d.      all documents issued by or through any governmental entity or agency showing the organizational status of Frac Tech from its inception to the present.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:   Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.   The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

b.   The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

Grounds for objection and protective relief:

a.   This discovery request exceeds the scope of discovery permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure in that it seeks the disclosure of matters that are neither relevant to the claims or defenses of any party nor are reasonably calculated to lead to the discovery of evidence admissible in this suit, especially since Frac Tech Services, Ltd. is not a party to this suit..

b.   This discovery request has been made only for the purpose of harassing the responding party and causing the responding party annoyance and undue burden or expense.

**8.**    **REQUEST FOR PRODUCTION NO. 11**:  Please produce copies of all contracts, agreements, or related documents relating to or forming the basis of any sale, assignment, or transfer  of any interest in Chem Source or Industrial Compounding from Plaintiffs to Defendants.

> **OBJECTION AND MOTION FOR PROTECTIVE ORDER**:   Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:
>
> Good cause exists for sustaining this objection and granting the requested protective relief because:
>
> a.   The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.
>
> b.   The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

c.     The party requesting said disclosure is not doing so for a legitimate purpose, but instead for an improper purpose designed to cause injury or harm to Defendant, or related parties or entities and not doing so in good faith.

Grounds for objection and protective relief:

a.     Due to being overly broad, this discovery request seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendant hereby asserts, and are, accordingly, protected from disclosure or discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.

**9.    REQUEST FOR PRODUCTION NO. 12**: Please produce copies of all contracts, agreements, or related documents relating to or forming the basis of any sale, assignment, or transfer of any interest in Chem Source or Industrial Compounding from Joe Jacobi to Defendants.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:   Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.     The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

b.     The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

c.     The party requesting said disclosure is not doing so for a legitimate purpose, but instead for an improper purpose designed to cause injury or harm to Defendant, or related parties or entities and not doing so in good faith.

Grounds for objection and protective relief:

a.     Due to being overly broad, this discovery request seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendant hereby asserts, and are, accordingly, protected from disclosure or discovery

pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.

**10.    REQUEST FOR PRODUCTION NO. 13**:  Please produce all documents evidencing any payment of any money or other consideration from any of the Defendants to any of the Plaintiffs for the sale, transfer, or assignment of any interest in Chem Source or Industrial Compounding.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:  Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.     The party requesting said disclosure is not doing so for a legitimate purpose, but instead for an improper purpose designed to cause injury or harm to Defendant, or related parties or entities and not doing so in good faith.

b.     The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

c.     The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

Grounds for objection and protective relief (due to the overly broad nature of this discovery request):

a.     This discovery request exceeds the scope of discovery permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure in that it seeks the disclosure of matters that are neither relevant to the claims or defenses of any party nor are reasonably calculated to lead to the discovery of evidence admissible in this suit.

b.     This discovery request seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendants hereby assert, and are, accordingly, protected from disclosure or discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.

c.     This discovery request seeks the disclosure of matters which constitute work product and are, accordingly, privileged and protected from disclosure pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

d.     This discovery request seeks the disclosure and discovery of matters which constitute trade secrets, as well as confidential and proprietary information, which the requesting party has contractually agreed not to disclose, and the disclosure of which would cause irreparable harm and injury to the owner thereof. Furthermore, this discovery request is being used by requesting party to obtain the disclosure of such matters for improper purposes.   Said trade secrets and confidential and proprietary information include, but are not limited to, formulae, computer codes (including source codes), marketing and development plans and strategies, customer lists, and customer preferences and requirements.

**11.     REQUEST FOR PRODUCTION NO. 14**:  Please produce all documents evidencing any payment of any money or other consideration from any of the Defendants to Joe Jacobi for the sale, transfer, or assignment o any interest in Chem Source or Industrial Compounding.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:  Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.     The party requesting said disclosure is not doing so for a legitimate purpose, but instead for an  improper purpose designed to cause injury or harm to Defendant, or related parties or entities and not doing so in good faith.

b.     The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

c.     The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

Grounds for objection and protective relief (due to the overly broad nature of this discovery request:

a.     This discovery request exceeds the scope of discovery permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure in that it seeks the disclosure of matters

that are neither relevant to the claims or defenses of any party <u>nor</u> are reasonably calculated to lead to the discovery of evidence admissible in this suit.

b.    This discovery request seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendants hereby assert, and are, accordingly, protected from disclosure or discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.

c.    This discovery request seeks the disclosure of matters which constitute work product and are, accordingly, privileged and protected from disclosure pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

d.    This discovery request seeks the disclosure and discovery of matters which constitute trade secrets, as well as confidential and proprietary information, which the requesting party has contractually agreed not to disclose, and the disclosure of which would cause irreparable harm and injury to the owner thereof. Furthermore, this discovery request is being used by requesting party to obtain the disclosure of such matters for improper purposes.   Said trade secrets and confidential and proprietary information include, but are not limited to, formulae, computer codes (including source codes), marketing and development plans and strategies, customer lists, and customer preferences and requirements.

**12.    REQUEST FOR PRODUCTION NO. 15**:  Please produce copies of all contracts, agreements, or related documents relating to or forming the basis of the transfer of any interest in Chem Source, Industrial Compounding, or Frac-Tech to Chesapeake, or any affiliate or subsidiary entity of Chesapeake during the year 2006.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:   Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.    The party requesting said disclosure is not doing so for a legitimate purpose, but instead for an  improper purpose designed to cause injury or harm to Defendant, or related parties or entities and not doing so in good faith.

b.    The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

14

c.      The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

Grounds for objection and protective relief (due to the overly broad nature of this discovery request):

a.      This discovery request exceeds the scope of discovery permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure in that it seeks the disclosure of matters that are neither relevant to the claims or defenses of any party nor are reasonably calculated to lead to the discovery of evidence admissible in this suit.

b.      This discovery request seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendants hereby assert, and are, accordingly, protected from disclosure or discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.

c.      This discovery request seeks the disclosure of matters which constitute work product and are, accordingly, privileged and protected from disclosure pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

d.      This discovery request seeks the disclosure of matters which were prepared in anticipation of litigation or for trial which are protected from discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

e.      This discovery request seeks the disclosure and discovery of matters which constitute trade secrets, as well as confidential and proprietary information, which the requesting party has contractually agreed not to disclose, and the disclosure of which would cause irreparable harm and injury to the owner thereof. Furthermore, this discovery request is being used by requesting party to obtain the disclosure of such matters for improper purposes.   Said trade secrets and confidential and proprietary information include, but are not limited to, formulae, computer codes (including source codes), marketing and development plans and strategies, customer lists, and customer preferences and requirements.

f.      This discovery request has been made only for the purpose of harassing the responding party and causing the responding party annoyance and undue burden or expense.

**13.   REQUEST FOR PRODUCTION NO. 16**:  Please produce all documents evidencing any payment of any money or other consideration from Chesapeake or any of its subsidiaries or affiliates, to any of the Defendants, for the sale, transfer, or assignment of any interest in Chem Source or Industrial Compounding.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:   Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.     The party requesting said disclosure is not doing so for a legitimate purpose, but instead for an improper purpose designed to cause injury or harm to Defendant, or related parties or entities and not doing so in good faith.

b.     The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

c.     The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

Grounds for objection and protective relief (due to the overly broad nature of this discovery request):

a.     This discovery request exceeds the scope of discovery permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure in that it seeks the disclosure of matters that are neither relevant to the claims or defenses of any party <u>nor</u> are reasonably calculated to lead to the discovery of evidence admissible in this suit.

b.     This discovery request seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendants hereby assert, and are, accordingly, protected from disclosure or discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.

c.     This discovery request seeks the disclosure of matters which constitute work product and are, accordingly, privileged and protected from disclosure pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

d.     This discovery request seeks the disclosure of matters which were prepared in anticipation of litigation or for trial which are protected from discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

e.    This discovery request seeks the disclosure and discovery of matters which constitute trade secrets, as well as confidential and proprietary information, which the requesting party has contractually agreed not to disclose, and the disclosure of which would cause irreparable harm and injury to the owner thereof. Furthermore, this discovery request is being used by requesting party to obtain the disclosure of such matters for improper purposes.   Said trade secrets and confidential and proprietary information include, but are not limited to, formulae, computer codes (including source codes), marketing and development plans and strategies, customer lists, and customer preferences and requirements.

f.    This discovery request has been made only for the purpose of harassing the responding party and causing the responding party annoyance and undue burden or expense.

**14.    REQUEST FOR PRODUCTION NO. 17**: Please produce copies of all notes, letters of credit, or other evidence of extension of credit from any bank, financial institution, or other entity or individual, provided to either any of Defendants or Frac Tech to provide all or part of the funding for Defendants to purchase the interests of Plaintiff and Joe Jacobi in Chem Source.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:   Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.    The party requesting said disclosure is not doing so for a legitimate purpose, but instead for an  improper purpose designed to cause injury or harm to Defendant, or related parties or entities and not doing so in good faith.

b.    The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

c.    The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

Grounds for objection and protective relief:

a.    This discovery request exceeds the scope of discovery permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure in that it seeks the disclosure of matters

17

that are neither relevant to the claims or defenses of any party nor are reasonably calculated to lead to the discovery of evidence admissible in this suit.

b.  Due to the overly broad nature of this discovery request, this discovery request seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendants hereby assert, and are, accordingly, protected from disclosure or discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.

c.  Due to the overly broad nature of this discovery request, this discovery request seeks the disclosure of matters which constitute work product and are, accordingly, privileged and protected from disclosure pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

d.  Due to the overly broad nature of this discovery request, this discovery request seeks the disclosure of matters which were prepared in anticipation of litigation or for trial which are protected from discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

e.  Due to the overly broad nature of this discovery request, this discovery request seeks the disclosure and discovery of matters which constitute trade secrets, as well as confidential and proprietary information, which the requesting party has contractually agreed not to disclose, and the disclosure of which would cause irreparable harm and injury to the owner thereof. Furthermore, this discovery request is being used by requesting party to obtain the disclosure of such matters for improper purposes. Said trade secrets and confidential and proprietary information include, but are not limited to, formulae, computer codes (including source codes), marketing and development plans and strategies, customer lists, and customer preferences and requirements.

f.  This discovery request has been made only for the purpose of harassing the responding party and causing the responding party annoyance and undue burden or expense since it seeks matters not relevant to this suit, but which are the basis of another suit where discovery is being conducted.

**15.    REQUEST FOR PRODUCTION NO. 18**: Please produce copies of all loan or credit applications, financial statements or other financial information provided, all documents provided, and all correspondence with any bank, lending institution, or other entity or individual, regarding any loan, letter of credit, or other extension of credit by any bank, lending institution, or other entity or individual, to Frac Tech or any of the Defendants regarding the provision of funds for the purchase of the interest of Plaintiffs or Joe Jacobi in Chem Source.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:  Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to

this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.      The party requesting said disclosure is not doing so for a legitimate purpose, but instead for an improper purpose designed to cause injury or harm to Defendant, or related parties or entities and not doing so in good faith.

b.      The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

c.      The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

Grounds for objection and protective relief:

a.      This discovery request exceeds the scope of discovery permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure in that it seeks the disclosure of matters that are neither relevant to the claims or defenses of any party nor are reasonably calculated to lead to the discovery of evidence admissible in this suit.

b.      This discovery request seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendants hereby assert, and are, accordingly, protected from disclosure or discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.

c.      This discovery request seeks the disclosure and discovery of matters which constitute trade secrets, as well as confidential and proprietary information, which the requesting party has contractually agreed not to disclose, and the disclosure of which would cause irreparable harm and injury to the owner thereof. Furthermore, this discovery request is being used by requesting party to obtain the disclosure of such matters for improper purposes.   Said trade secrets and confidential and proprietary information include, but are not limited to, formulae, computer codes (including source codes), marketing and development plans and strategies, customer lists, and customer preferences and requirements.

d.      This discovery request has been made only for the purpose of harassing the responding party and causing the responding party annoyance and undue burden or expense as it seeks matters relating to Joe Jacobi, who is not a party to this suit,

but who does have a separate suit against Defendants (in which discovery is being conducted).

**16.   REQUEST FOR PRODUCTION NO. 19**:   Please produce copies of all document, notes, e-mails, letters, or other correspondence (whether existing in hard copy or electronic form) from any of the Defendants, their agents, representatives, officers, lawyers, or employees, or Chem Source, Industrial Compounding, or Frac Tech, communicated in any manner during the years 2005 and 2006, with Chesapeake, or any of its affiliates, officers, employees, attorneys, or representatives, regarding the prospective sale, assignment, or transfer of all or any interest of Frac Tech, Chem Source, or Industrial Compounding to Chesapeake or any of its subsidiaries or affiliates.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:   Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.     The party requesting said disclosure is not doing so for a legitimate purpose, but instead for an improper purpose designed to cause injury or harm to Defendant, or related parties or entities and not doing so in good faith.

b.     The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

c.     The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

Grounds for objection and protective relief (due to the overly broad nature of this discovery request):

a.     This discovery request exceeds the scope of discovery permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure in that it seeks the disclosure of matters that are neither relevant to the claims or defenses of any party nor are reasonably calculated to lead to the discovery of evidence admissible in this suit.

b.     This discovery request seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendants hereby assert, and are, accordingly, protected from disclosure or discovery pursuant to Rule 26(b)(3) of

the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.

c.     This discovery request seeks the disclosure and discovery of matters which constitute trade secrets, as well as confidential and proprietary information, which the requesting party has contractually agreed not to disclose, and the disclosure of which would cause irreparable harm and injury to the owner thereof. Furthermore, this discovery request is being used by requesting party to obtain the disclosure of such matters for improper purposes.  Said trade secrets and confidential and proprietary information include, but are not limited to, formulae, computer codes (including source codes), marketing and development plans and strategies, customer lists, and customer preferences and requirements.

d.     This discovery request has been made only for the purpose of harassing the responding party and causing the responding party annoyance and undue burden or expense as it seeks information and documents relating to Frac Tech Services, Ltd. who is not a party to this suit.

**17.   REQUEST FOR PRODUCTION NO. 20**:  Please produce copies of all documents, appraisals, records, information, and data related to Chem Source, Industrial Compounding, or Frac Tech that was supplied, disclosed or provided to Chesapeake prior to the transfer, sale, or assignment of any interest in Chem Source, Industrial Compounding, or Frac Tech to Chesapeake.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:  Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.     The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

b.     The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

Grounds for objection and protective relief (due to inclusion in the request of Frac Tech and the overly broad nature of this request, especially as it pertains to matters after the purchase of Plaintiffs' interest in Chem Source):

a.    This discovery request exceeds the scope of discovery permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure in that it seeks the disclosure of matters that are neither relevant to the claims or defenses of any party nor are reasonably calculated to lead to the discovery of evidence admissible in this suit.

b.    This discovery request seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendant hereby asserts, and are, accordingly, protected from disclosure or discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.

**18.    REQUEST FOR PRODUCTION NO. 21**:  Please produce copies of all correspondence from October 2005 through the present (in either hard copy or electronic form) between or among any of the Defendants, regarding the sale, assignment, or transfer, or the potential sale, assignment or transfer of all or a part of Chem Source, Industrial Compounding, or Frac Tech to Chesapeake.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:  Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.    The party requesting said disclosure is not doing so for a legitimate purpose, but instead for an improper purpose designed to cause injury or harm to Defendant, or related parties or entities and not doing so in good faith.

b.    The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

c.    The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

Grounds for objection and protective relief (due to the overly broad nature of this request and the timeframe including matters after the events made the basis of this suit):

a.    This discovery request exceeds the scope of discovery permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure in that it seeks the disclosure of matters

that are neither relevant to the claims or defenses of any party <u>nor</u> are reasonably calculated to lead to the discovery of evidence admissible in this suit.

b.   This discovery request seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendant hereby asserts, and are, accordingly, protected from disclosure or discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.

c.   This discovery request seeks the disclosure of matters which constitute work product and are, accordingly, privileged and protected from disclosure pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

d.   This discovery request seeks the disclosure of matters which were prepared in anticipation of litigation or for trial which are protected from discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

**19.   REQUEST FOR PRODUCTION NO. 22**:   Please produce copies of all correspondence, including but not limited to notes, letters and e-mail, from January 1, 2004, to, from, among, or between any of the Defendants and either Plaintiff or Joe Jacobi.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:   Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.   The party requesting said disclosure is not doing so for a legitimate purpose, but instead for an improper purpose designed to cause injury or harm to Defendant, or related parties or entities and not doing so in good faith.

b.   The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

c.   The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

Grounds for objection and protective relief:

a.      This discovery request exceeds the scope of discovery permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure in that it seeks the disclosure of matters that are neither relevant to the claims or defenses of any party <u>nor</u> are reasonably calculated to lead to the discovery of evidence admissible in this suit, especially as it pertains to matters unrelated to the issues in this case and to Joe Jacobi, who is not a party to this suit.

b.      This discovery request has been made only for the purpose of harassing the responding party and causing the responding party annoyance and undue burden or expense.

**20.      REQUEST FOR PRODUCTION NO. 24**: Please produce copies of all notes, records, or other memoranda relating to any events made the basis of this suit.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:  Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.      The party requesting said disclosure is not doing so for a legitimate purpose, but instead for an improper purpose designed to cause injury or harm to Defendant, or related parties or entities and not doing so in good faith.

b.      The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

c.      The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

Grounds for objection and protective relief (due to the overly broad nature of this request, and its vagueness and ambiguity when referring to "any events"):

a.      This discovery request exceeds the scope of discovery permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure in that it seeks the disclosure of matters that are neither relevant to the claims or defenses of any party <u>nor</u> are reasonably calculated to lead to the discovery of evidence admissible in this suit.

b.   This discovery request seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendants hereby assert, and are, accordingly, protected from disclosure or discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.

c.   This discovery request seeks the disclosure of matters which constitute work product and are, accordingly, privileged and protected from disclosure pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

d.   This discovery request seeks the disclosure of matters which were prepared in anticipation of litigation or for trial which are protected from discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

e.   This discovery request seeks the disclosure and discovery of matters which constitute trade secrets, as well as confidential and proprietary information, which the requesting party has contractually agreed not to disclose, and the disclosure of which would cause irreparable harm and injury to the owner thereof. Furthermore, this discovery request is being used by requesting party to obtain the disclosure of such matters for improper purposes.   Said trade secrets and confidential and proprietary information include, but are not limited to, formulae, computer codes (including source codes), marketing and development plans and strategies, customer lists, and customer preferences and requirements.

**21.   REQUEST FOR PRODUCTION NO. 27**:   Please produce copies of all banking statements relating to any checking, savings, investment or other financial account of World Investment from August, 2004 through the present, including records of all debits, credits, and balances on each account.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:   Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.   The party requesting said disclosure is not doing so for a legitimate purpose, but instead for an improper purpose designed to cause injury or harm to Defendant, or related parties or entities and not doing so in good faith.

b.   The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

c.   The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

Grounds for objection and protective relief:

a.   This discovery request exceeds the scope of discovery permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure in that it seeks the disclosure of matters that are neither relevant to the claims or defenses of any party nor are reasonably calculated to lead to the discovery of evidence admissible in this suit.

b.   This discovery request has been made only for the purpose of harassing the responding party and causing the responding party annoyance and undue burden or expense.

c.   This discovery request seeks the disclosure and discovery of matters which constitute trade secrets, as well as confidential and proprietary information, which the requesting party has contractually agreed not to disclose, and the disclosure of which would cause irreparable harm and injury to the owner thereof. Furthermore, this discovery request is being used by requesting party to obtain the disclosure of such matters for improper purposes.   Said trade secrets and confidential and proprietary information include, but are not limited to, formulae, computer codes (including source codes), marketing and development plans and strategies, customer lists, and customer preferences and requirements.

**22.   REQUEST FOR PRODUCTION NO. 28**:   Please produce copies of all banking statements relating to any checking, savings, investment or other financial account of Frac Tech from January 1, 2005 through the present, including records of all debits, credits, and balances on each account.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:   Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.   The party requesting said disclosure is not doing so for a legitimate purpose, but instead for an  improper purpose designed to cause injury or harm to Defendant, or related parties or entities and not doing so in good faith.

b.   The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

c.   The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

Grounds for objection and protective relief:

a.   This discovery request exceeds the scope of discovery permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure in that it seeks the disclosure of matters that are neither relevant to the claims or defenses of any party nor are reasonably calculated to lead to the discovery of evidence admissible in this suit.

b.   This discovery request has been made only for the purpose of harassing the responding party and causing the responding party annoyance and undue burden or expense.

c.   This discovery request seeks the disclosure and discovery of matters which constitute trade secrets, as well as confidential and proprietary information, which the requesting party has contractually agreed not to disclose, and the disclosure of which would cause irreparable harm and injury to the owner thereof. Furthermore, this discovery request is being used by requesting party to obtain the disclosure of such matters for improper purposes.  Said trade secrets and confidential and proprietary information include, but are not limited to, formulae, computer codes (including source codes), marketing and development plans and strategies, customer lists, and customer preferences and requirements.

**23.   REQUEST FOR PRODUCTION NO. 29**:   Please produce copies of all financial statements prepared by or for Chem Source in, during, or for all or any part of the years 2004-2007, including but not limited to any financial statements provided to banking or lending institutions.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:   Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.    The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

b.    The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

Grounds for objection and protective relief (due to the discovery request seeking such documents for time periods after September, 2006 and records containing financial information not relevant to issues in this case such as with consolidated financial statements of multiple entities):

a.    This discovery request exceeds the scope of discovery permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure in that it seeks the disclosure of matters that are neither relevant to the claims or defenses of any party nor are reasonably calculated to lead to the discovery of evidence admissible in this suit.

b.    This discovery request seeks the disclosure and discovery of matters which constitute trade secrets, as well as confidential and proprietary information, which the requesting party has contractually agreed not to disclose, and the disclosure of which would cause irreparable harm and injury to the owner thereof. Furthermore, this discovery request is being used by requesting party to obtain the disclosure of such matters for improper purposes.    Said trade secrets and confidential and proprietary information include, but are not limited to, formulae, computer codes (including source codes), marketing and development plans and strategies, customer lists, and customer preferences and requirements.

24.    **REQUEST FOR PRODUCTION NO. 30**:  Please produce copies of all financial statements prepared by or for Industrial Compounding in, during, or for all or any part of the years 2004-2007, including but not limited to any financial statements provided to banking or lending institutions.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:    Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.    The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

28

b.    The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

Grounds for objection and protective relief (due to the discovery request seeking such documents for time periods after September, 2006 and records containing financial information not relevant to issues in this case such as with consolidated financial statements of multiple entities):

a.    This discovery request exceeds the scope of discovery permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure in that it seeks the disclosure of matters that are neither relevant to the claims or defenses of any party nor are reasonably calculated to lead to the discovery of evidence admissible in this suit.

b.    This discovery request seeks the disclosure and discovery of matters which constitute trade secrets, as well as confidential and proprietary information, which the requesting party has contractually agreed not to disclose, and the disclosure of which would cause irreparable harm and injury to the owner thereof. Furthermore, this discovery request is being used by requesting party to obtain the disclosure of such matters for improper purposes.    Said trade secrets and confidential and proprietary information include, but are not limited to, formulae, computer codes (including source codes), marketing and development plans and strategies, customer lists, and customer preferences and requirements.

**25.    REQUEST FOR PRODUCTION NO. 35**: Please produce copies of all balance sheets, books, records, accounts, and documents showing and itemizing all accounts receivable to and accounts payable by Industrial Compounding for each month from August 2004, through the present.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:    Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.    The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

b.   The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

Grounds for objection and protective relief (due to the overly broad nature of this request such that it includes matters relating to customers and vendors of Industrial Compounding other than Chem Source, and would result in revealing information concerning customers and vendors which would constitute trade secrets):

a.   This discovery request exceeds the scope of discovery permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure in that it seeks the disclosure of matters that are neither relevant to the claims or defenses of any party nor are reasonably calculated to lead to the discovery of evidence admissible in this suit.

b.   This discovery request seeks the disclosure and discovery of matters which constitute trade secrets, as well as confidential and proprietary information, which the requesting party has contractually agreed not to disclose, and the disclosure of which would cause irreparable harm and injury to the owner thereof. Furthermore, this discovery request is being used by requesting party to obtain the disclosure of such matters for improper purposes.  Said trade secrets and confidential and proprietary information include, but are not limited to, formulae, computer codes (including source codes), marketing and development plans and strategies, customer lists, and customer preferences and requirements.

**26.   REQUEST FOR PRODUCTION NO. 36**: Please produce all books, records, accounts, and documents relating to the purchase of any product by Frac Tech from Chem Source or Industrial Compounding for each month from August 2004, to the present.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:   Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.   The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

b.   The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable

provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

Grounds for objection and protective relief:

a.  Due to this request being so broad as to encompass time periods after August, 2006, this discovery request seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendants hereby assert, and are, accordingly, protected from disclosure or discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.

b.  Due to the overly broad nature of this request which could encompass these matters, Defendants object to this discovery request seeks the disclosure of matters which constitute work product and are, accordingly, privileged and protected from disclosure pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

c.  Due to the overly broad nature of this request which could encompass these matters, Defendants object to this discovery request seeks the disclosure of matters which were prepared in anticipation of litigation or for trial which are protected from discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

d.  This discovery request seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendant hereby asserts, and are, accordingly, protected from disclosure or discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.

**27.    REQUEST FOR PRODUCTION NO. 37**: Please produce all books, records, accounts, and documents relating to any loan, extension of credit, cash advance in which Chem Source or Industrial Compounding loaned money, extended credit, advanced cash to Frac Tech for each month from August 2004, to the present.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:  Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.    The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

b.    The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

Grounds for objection and protective relief:

a.    Due to this request being so broad as to encompass time periods after August, 2006, this discovery request seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendants hereby assert, and are, accordingly, protected from disclosure or discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.

b.    Due to the overly broad nature of this request which could encompass these matters, Defendants object to this discovery request seeks the disclosure of matters which constitute work product and are, accordingly, privileged and protected from disclosure pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

c.    Due to the overly broad nature of this request which could encompass these matters, Defendants object to this discovery request seeks the disclosure of matters which were prepared in anticipation of litigation or for trial which are protected from discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

d.    This discovery request seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendant hereby asserts, and are, accordingly, protected from disclosure or discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.

**28.    REQUEST FOR PRODUCTION NO. 38**: Please produce all books, records, accounts, and documents relating to or evidencing the purchase of any good or service through Chem Source or Industrial Compounding for the benefit of Frac Tech for each month from August, 2004, to the present.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:  Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial

response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

a.   The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

b.   The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

Grounds for objection and protective relief:

a.   Due to this request being so broad as to encompass time periods after August, 2006, this discovery request seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendants hereby assert, and are, accordingly, protected from disclosure or discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.

b.   Due to the overly broad nature of this request which could encompass these matters, Defendants object to this discovery request seeks the disclosure of matters which constitute work product and are, accordingly, privileged and protected from disclosure pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

c.   Due to the overly broad nature of this request which could encompass these matters, Defendants object to this discovery request seeks the disclosure of matters which were prepared in anticipation of litigation or for trial which are protected from discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

d.   This discovery request seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendant hereby asserts, and are, accordingly, protected from disclosure or discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.

33

**29.     REQUEST FOR PRODUCTION NO. 39**:  Please produce all documents reflecting the appointment of a board of managers or members of a board of managers, or the removal or replacement of any such managers for Chem Source from its inception through the present.

> **OBJECTION AND MOTION FOR PROTECTIVE ORDER**:   Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

> Good cause exists for sustaining this objection and granting the requested protective relief because:

> a.     The party requesting said disclosure is not doing so for a legitimate purpose, but instead for an improper purpose designed to cause injury or harm to Defendant, or related parties or entities and not doing so in good faith.

> b.     The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

> c.     The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

> Grounds for objection and protective relief:

> a.     This discovery request exceeds the scope of discovery permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure in that it seeks the disclosure of matters that are neither relevant to the claims or defenses of any party nor are reasonably calculated to lead to the discovery of evidence admissible in this suit.

> b.     This discovery request seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendants hereby assert, and are, accordingly, protected from disclosure or discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.

**30.     REQUEST FOR PRODUCTION NO. 40**:  Please produce all documents reflecting the appointment of a board of managers or members of a board of managers, or the removal or replacement of any such managers for Industrial Compounding from August 2004, through the present.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:   Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.   The party requesting said disclosure is not doing so for a legitimate purpose, but instead for an improper purpose designed to cause injury or harm to Defendant, or related parties or entities and not doing so in good faith.

b.   The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

c.   The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

Grounds for objection and protective relief:

a.   This discovery request exceeds the scope of discovery permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure in that it seeks the disclosure of matters that are neither relevant to the claims or defenses of any party nor are reasonably calculated to lead to the discovery of evidence admissible in this suit.

b.   This discovery request seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendants hereby assert, and are, accordingly, protected from disclosure or discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.

c.   Due to this request being so overly broad as to possibly being construed as including Mike Williams, Joe Jacobi or Frank Autry, this discovery request seeks the disclosure of matters which constitute work product and are, accordingly, privileged and protected from disclosure pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

d.   Due to this request being so overly broad as to possibly being construed as including Mike Williams, Joe Jacobi or Frank Autry, this discovery request seeks the disclosure of matters which were prepared in anticipation of litigation or for trial which are protected from discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

**31.   REQUEST FOR PRODUCTION NO. 41**: Please produce all copies of all documents reflecting or evidencing the appointment of a board of managers or members of a board of managers, or the removal or replacement of any such managers for World Investment from its inception through the present.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:   Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.   The party requesting said disclosure is not doing so for a legitimate purpose, but instead for an improper purpose designed to cause injury or harm to Defendant, or related parties or entities and not doing so in good faith.

b.   The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

c.   The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

Grounds for objection and protective relief:

a.   This discovery request exceeds the scope of discovery permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure in that it seeks the disclosure of matters that are neither relevant to the claims or defenses of any party nor are reasonably calculated to lead to the discovery of evidence admissible in this suit.

b.   This discovery request has been made only for the purpose of harassing the responding party and causing the responding party annoyance and undue burden or expense.

c.   This discovery request seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendants hereby assert, and are, accordingly, protected from disclosure or discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.

36

d.   This discovery request seeks the disclosure of matters which constitute work product and are, accordingly, privileged and protected from disclosure pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

**32.   REQUEST FOR PRODUCTION NO. 54**: Please produce copies of all records of all allocations to any owners or members under section 5.1 of the Chem Source operating agreement from its inception through September 2007.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:   Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.   The party requesting said disclosure is not doing so for a legitimate purpose, but instead for an improper purpose designed to cause injury or harm to Defendant, or related parties or entities and not doing so in good faith.

b.   The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

c.   The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

Grounds for objection and protective relief:

a.   This discovery request exceeds the scope of discovery permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure in that it seeks the disclosure of matters that are neither relevant to the claims or defenses of any party nor are reasonably calculated to lead to the discovery of evidence admissible in this suit.   Such allocations are not relevant to any issue in this case.

**33.   REQUEST FOR PRODUCTION NO. 55**: Please produce copies of all records of all distributions to any owners or members under section 5.2 of the Chem Source operating agreement from its inception through September 2007.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:   Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to

this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.      The party requesting said disclosure is not doing so for a legitimate purpose, but instead for an improper purpose designed to cause injury or harm to Defendant, or related parties or entities and not doing so in good faith.

b.      The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

c.      The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

Grounds for objection and protective relief (due to this discovery request seeking such information for time periods after Plaintiffs sold their interest in Chem Source to World Investment):

a.      This discovery request exceeds the scope of discovery permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure in that it seeks the disclosure of matters that are neither relevant to the claims or defenses of any party nor are reasonably calculated to lead to the discovery of evidence admissible in this suit.

**34.    REQUEST FOR PRODUCTION NO. 56**: Please produce copies of all written designations of officers for Chem Source from its inception through the present.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**: Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.      The party requesting said disclosure is not doing so for a legitimate purpose, but instead for an improper purpose designed to cause injury or harm to Defendant, or related parties or entities and not doing so in good faith.

b.     The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

c.     The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

Grounds for objection and protective relief:

a.     This discovery request exceeds the scope of discovery permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure in that it seeks the disclosure of matters that are neither relevant to the claims or defenses of any party nor are reasonably calculated to lead to the discovery of evidence admissible in this suit.

**35.     REQUEST FOR PRODUCTION NO. 57**:   Please produce copies of all written designations of officers for Industrial Compounding from January 2005 through the present.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:   Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.     The party requesting said disclosure is not doing so for a legitimate purpose, but instead for an improper purpose designed to cause injury or harm to Defendant, or related parties or entities and not doing so in good faith.

b.     The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

c.     The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

Grounds for objection and protective relief:

a.     This discovery request exceeds the scope of discovery permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure in that it seeks the disclosure of matters

that are neither relevant to the claims or defenses of any party <u>nor</u> are reasonably calculated to lead to the discovery of evidence admissible in this suit.

**36.**  **REQUEST FOR PRODUCTION NO. 68**:  Please produce copies of all records in the possession of any of the Defendants or of any of the entities under their direct or indirect control evidencing any sums of money paid to an employee or agent of Defendants or any third party for the purpose of surveillance upon Michael Williams from January 1, 2005 through the present.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:  Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.  The party requesting said disclosure is not doing so for a legitimate purpose, but instead for an improper purpose designed to cause injury or harm to Defendant, or related parties or entities and not doing so in good faith.

b.  The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

c.  The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

Grounds for objection and protective relief:

a.  This discovery request seeks the disclosure of matters which constitute work product and are, accordingly, privileged and protected from disclosure pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

b.  This discovery request seeks the disclosure of matters which were prepared in anticipation of litigation or for trial which are protected from discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

**37.**  **REQUEST FOR PRODUCTION NO. 69**:  Please produce copies of all records in the possession of any of the Defendants or of any of the entities under their direct or indirect control evidencing any sums of money paid to an employee or agent of Defendants or any third party for the purpose of surveillance upon Joe Jacobi from January 1, 2005, through the present.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:    Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.    The party requesting said disclosure is not doing so for a legitimate purpose, but instead for an improper purpose designed to cause injury or harm to Defendant, or related parties or entities and not doing so in good faith.

b.    The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

c.    The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

Grounds for objection and protective relief:

a.    This discovery request exceeds the scope of discovery permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure in that it seeks the disclosure of matters that are neither relevant to the claims or defenses of any party nor are reasonably calculated to lead to the discovery of evidence admissible in this suit since Joe Jacobi is not a party to this action.

b.    This discovery request seeks the disclosure of matters which constitute work product and are, accordingly, privileged and protected from disclosure pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

c.    This discovery request seeks the disclosure of matters which were prepared in anticipation of litigation or for trial which are protected from discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

d.    This discovery request seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendant hereby asserts, and are, accordingly, protected from disclosure or discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.

**38.    REQUEST FOR PRODUCTION NO. 77**: Please produce all documents and other records reflecting any loan to, or extension of credit to, Chem Source from its inception through September 30, 2006.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:   Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.    The party requesting said disclosure is not doing so for a legitimate purpose, but instead for an improper purpose designed to cause injury or harm to Defendant, or related parties or entities and not doing so in good faith.

b.    The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

c.    The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

Grounds for objection and protective relief:

a.    This discovery request seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendants hereby assert, and are, accordingly, protected from disclosure or discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.

b.    This discovery request seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendant hereby asserts, and are, accordingly, protected from disclosure or discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.

c.    This discovery request seeks the disclosure and discovery of matters which constitute trade secrets, as well as confidential and proprietary information, which the requesting party has contractually agreed not to disclose, and the disclosure of which would cause irreparable harm and injury to the owner thereof. Furthermore, this discovery request is being used by requesting party to obtain the disclosure of such matters for improper purposes.   Said trade secrets and

confidential and proprietary information include, but are not limited to, formulae, computer codes (including source codes), marketing and development plans and strategies, customer lists, and customer preferences and requirements.

**39.    REQUEST FOR PRODUCTION NO. 78**:  Please produce all documents and other records reflecting any loan to, or extension of credit to, Industrial Compounding from January 1, 2005 through September 30, 2006.

> **OBJECTION AND MOTION FOR PROTECTIVE ORDER**:  Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:
>
> Good cause exists for sustaining this objection and granting the requested protective relief because:
>
> a.    The party requesting said disclosure is not doing so for a legitimate purpose, but instead for an improper purpose designed to cause injury or harm to Defendant, or related parties or entities and not doing so in good faith.
>
> b.    The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.
>
> c.    The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.
>
> Grounds for objection and protective relief:
>
> a.    This discovery request seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendants hereby assert, and are, accordingly, protected from disclosure or discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.
>
> b.    This discovery request seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendant hereby asserts, and are, accordingly, protected from disclosure or discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.

c.   This discovery request seeks the disclosure and discovery of matters which constitute trade secrets, as well as confidential and proprietary information, which the requesting party has contractually agreed not to disclose, and the disclosure of which would cause irreparable harm and injury to the owner thereof. Furthermore, this discovery request is being used by requesting party to obtain the disclosure of such matters for improper purposes.   Said trade secrets and confidential and proprietary information include, but are not limited to, formulae, computer codes (including source codes), marketing and development plans and strategies, customer lists, and customer preferences and requirements.

**40.   REQUEST FOR PRODUCTION NO. 82**: Please produce copies of all documents which evidence the purchase of sand or other commodity by Chem Source or Industrial Compounding on behalf of or for the benefit of Frac Tech from January 1, 2004 through September 30, 2006.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:   Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.   The party requesting said disclosure is not doing so for a legitimate purpose, but instead for an  improper purpose designed to cause injury or harm to Defendant, or related parties or entities and not doing so in good faith.

b.   The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

c.   The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

Grounds for objection and protective relief:

a.   This discovery request seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendants hereby assert, and are, accordingly, protected from disclosure or discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.

b.    This discovery request seeks the disclosure of matters which constitute work product and are, accordingly, privileged and protected from disclosure pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

c.    This discovery request seeks the disclosure and discovery of matters which constitute trade secrets, as well as confidential and proprietary information, which the requesting party has contractually agreed not to disclose, and the disclosure of which would cause irreparable harm and injury to the owner thereof. Furthermore, this discovery request is being used by requesting party to obtain the disclosure of such matters for improper purposes.   Said trade secrets and confidential and proprietary information include, but are not limited to, formulae, computer codes (including source codes), marketing and development plans and strategies, customer lists, and customer preferences and requirements.

**41.    REQUEST FOR PRODUCTION NO. 85**: Please produce copies of all work papers and prior dates related to or leading up to the "Securities Purchase and Sale Agreement" of March 1,2006 between Williams and Chem Source.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:    Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.    The party requesting said disclosure is not doing so for a legitimate purpose, but instead for an  improper purpose designed to cause injury or harm to Defendant, or related parties or entities and not doing so in good faith.

b.    The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

c.    The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

Grounds for objection and protective relief:

a.    Due to the vagueness and ambiguity in this request as to what is meant by "work papers", and the possibility it includes the foregoing, Defendants object to this discovery request because it exceeds the scope of discovery permitted by Rule

45

26(b)(1) of the Federal Rules of Civil Procedure in that it seeks the disclosure of matters that are neither relevant to the claims or defenses of any party nor are reasonably calculated to lead to the discovery of evidence admissible in this suit.

b.   Due to the vagueness and ambiguity in this request as to what is meant by "work papers", and the possibility it includes the foregoing, Defendants object to this discovery request because it seeks the disclosure of matters which constitute work product and are, accordingly, privileged and protected from disclosure pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

c.   Due to the vagueness and ambiguity in this request as to what is meant by "work papers", and the possibility it includes the foregoing, Defendants object to this discovery request because it seeks the disclosure of matters which were prepared in anticipation of litigation or for trial which are protected from discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

d.   Due to the vagueness and ambiguity in this request as to what is meant by "work papers", and the possibility it includes the foregoing, Defendants object to this discovery request because it seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendant hereby asserts, and are, accordingly, protected from disclosure or discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.

**42.   REQUEST FOR PRODUCTION NO. 86**:  Please produce copies of all work papers and prior drafts related to or leading up to the August 25, 2006 "Sale and Purchase Agreement," between Plaintiffs and Defendants.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:  Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.   The party requesting said disclosure is not doing so for a legitimate purpose, but instead for an improper purpose designed to cause injury or harm to Defendant, or related parties or entities and not doing so in good faith.

b.   The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

46

c.      The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

Grounds for objection and protective relief (due to the vagueness and ambiguity of this request in regard to what the term "work papers" means, and the fact that prior drafts may contain matters which are privileged and protected from discovery):

a.      This discovery request seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendant hereby asserts, and are, accordingly, protected from disclosure or discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.

**43.    REQUEST FOR PRODUCTION NO. 89**:  Please produce copies of all documents evidencing any disclosure by Defendants to Joe Jacobi regarding pending negotiations to sell, assign, or transfer all or a part of Chem Source to Chesapeake in 2006.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:   Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.      The party requesting said disclosure is not doing so for a legitimate purpose, but instead for an improper purpose designed to cause injury or harm to Defendant, or related parties or entities and not doing so in good faith.

b.      The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

c.      The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

Grounds for objection and protective relief (due to this discovery request being so overly broad as to possibly encompass matters which are privileged and protected from discovery):

a.  This discovery request seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendants hereby assert, and are, accordingly, protected from disclosure or discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.

b.  This discovery request seeks the disclosure of matters which constitute work product and are, accordingly, privileged and protected from disclosure pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

c.  This discovery request seeks the disclosure of matters which were prepared in anticipation of litigation or for trial which are protected from discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

**44.    REQUEST FOR PRODUCTION NO. 90**: Please produce copies of all documents evidencing any disclosure by any Defendant to any other Defendant regarding pending negotiations to sell, assign, or transfer all or a part of Chem Source to Chesapeake in 2006.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**:  Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.  The party requesting said disclosure is not doing so for a legitimate purpose, but instead for an improper purpose designed to cause injury or harm to Defendant, or related parties or entities and not doing so in good faith.

b.  The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

c.  The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

Grounds for objection and protective relief:

a.  Due to the overly broad nature of this discovery request and the possibility that it could encompass matters which are privileged and protected from discovery, Defendants respectfully submit that this discovery request exceeds the scope of

discovery permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure in that it seeks the disclosure of matters that are neither relevant to the claims or defenses of any party <u>nor</u> are reasonably calculated to lead to the discovery of evidence admissible in this suit.

b.    Due to the overly broad nature of this discovery request and the possibility that it could encompass matters which are privileged and protected from discovery, Defendants respectfully submit that this discovery request seeks the disclosure of matters which are protected by the attorney – client privilege, which privilege Defendants hereby assert, and are, accordingly, protected from disclosure or discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence and Rule 503 of the Texas Rules of Evidence.

c.    Due to the overly broad nature of this discovery request and the possibility that it could encompass matters which are privileged and protected from discovery, Defendants respectfully submit that this discovery request seeks the disclosure of matters which constitute work product and are, accordingly, privileged and protected from disclosure pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

d.    Due to the overly broad nature of this discovery request and the possibility that it could encompass matters which are privileged and protected from discovery, Defendants respectfully submit that this discovery request seeks the disclosure of matters which were prepared in anticipation of litigation or for trial which are protected from discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

**45.    REQUEST FOR PRODUCTION NO. 91**: Please produce copies of all time records and invoices for any attorneys fees you are claiming in this action.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**: Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.    The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

49

b.    The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

Grounds for objection and protective relief (while time records and bills with privileged matters redacted are the proper subject of disclosure, such bills or invoices – to the extent they contain privileged matters, are not discoverable):

a.    This discovery request seeks the disclosure of matters which constitute work product and are, accordingly, privileged and protected from disclosure pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

b.    This discovery request seeks the disclosure of matters which were prepared in anticipation of litigation or for trial which are protected from discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

**46.   REQUEST FOR PRODUCTION NO. 95**: To the extent not already produced in response to these requests, please produce all documents, electronically-stored information, and tangible things that are in your custody, control, or possession, that you may use to support your claims or defenses in this action.

**OBJECTION AND MOTION FOR PROTECTIVE ORDER**: Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, Defendants object to this discovery request and moves this Honorable Court for an order protecting Defendants from having to respond to same (except to the extent, if any, a partial response is made expressly subject hereto) and would respectfully show this Honorable Court as follows:

Good cause exists for sustaining this objection and granting the requested protective relief because:

a.    The party requesting said disclosure is not doing so for a legitimate purpose, but instead for an improper purpose designed to cause injury or harm to Defendant, or related parties or entities and not doing so in good faith.

b.    The party requesting said discovery will not be prejudiced by the sustaining of this objection and the granting of the requested protective relief.

c.    The requesting party is attempting to utilize this discovery request to circumvent the limitations and restrictions imposed upon discovery pursuant to the applicable provisions of the Federal Rules of Civil Procedure including, but not limited to, Rule 26.

Grounds for objection and protective relief:

a.   This discovery request seeks to obtain information which would constitute work product, especially with regard to attorney's thought processes and records pertaining thereto, as well as matters being prepared which could be used for demonstrative purposes but are not evidence in this matter.

b.   This discovery request seeks the disclosure of matters which were prepared in anticipation of litigation or for trial which are protected from discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

Defendants incorporate herein by reference the Affidavit of William A. Hicks which sets forth the factual bases for Defendants' claims that good cause exists for the sustaining of these objections and the granting of the requested protective relief (Appendix 104).

WHEREFORE, PREMISES CONSIDERED, your Defendants respectfully pray that these objections be sustained and that its Motion for Protective Order in all things be granted and Defendants be protected from this discovery as requested herein, and for such other and further relief to which your Defendants may show themselves justly entitled.

Respectfully Submitted,

WILLIAM A. HICKS
State Bar No. 09582000
bhicks@fractech.net
SHARON E. HICKS
State Bar No. 18787500
shicks@fractech.net
P. O. Box 1587
Cisco, Texas 76437
817-850-1008
817-850-1011 – FAX

ATTORNEYS FOR DEFENDANTS
WORLD INVESTMENT GROUP, LLC,
DANIEL H. WILKS, FARRIS WILKS,
WILLIAM BARKER AND FRANKLIN
AUTRY

51

## CERTIFICATE OF CONFERENCE

I certify on the _____5th_____ day of December, 2007, I conferred with John Smithee, and he opposes/does not oppose

_Sharon E. Hicks_
Sharon E. Hicks

## CERTIFICATE OF SERVICE

I do hereby certify that on the _____5th_____ day of December, 2007, I have served a true and correct copy of the above and foregoing upon all counsel of record, electronically, addressed as follows:

Mr. John Smithee
Mr. Brian P. Heinrich
Mr. David M. Russell
Templeton, Smithee, Hayes, Heinrich & Russell, L.L.P.
320 S. Polk, Suite 1000, Lobby Box 5
Amarillo, Texas 79101

_Sharon E. Hicks_
Sharon E. Hicks