IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| Industrial Environmental Services, LLC, | § | |
| An Oklahoma LLC; and Mike Williams, | § | |
| Individually and as Managing Member | § | |
| Of Industrial Environmental Services, LLC, | § | |
| An Oklahoma LLC | § | |
| | § | |
| VS. | § | CASE NO. 1:07-CV-178-C |
| | § | |
| World Investment Group, LLC (A Delaware | § | |
| LLC); Daniel H. Wilks; Farris Wilks; | § | |
| William Barker; and Franklin Autry, all | § | |
| Individually and as Members of World | § | |
| Investment Group, LLC (A Delaware LLC) | § | |

**DEFENDANTS' BRIEF IN SUPPORT OF DEFENDANTS' OBJECTIONS AND MOTION TO QUASH SUBPOENAS DUCES TECUM, TO POSTPONE DEPOSITIONS, AND FOR PROTECTIVE ORDER FROM DEPOSITION NOTICES AND SUBPOENAS DUCES TECUM AND ITS OBJECTIONS AND MOTIONS FOR PROTECTIVE ORDERS APPLICABLE TO PLAINTIFFS' INTERROGATORIES AND PLAINTIFFS' REQUESTS FOR PRODUCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

Come now, **WORLD INVESTMENT GROUP, LLC, DANIEL H. WILKS, FARRIS WILKS, WILLIAM BARKER and FRANKLIN AUTRY**, Defendants herein, and respectfully files this their Brief in support of Defendants' Objections and Motion to Quash Subpoenas Duces Tecum, to Postpone Depositions and for Protective Order and their Objections and Motions for Protective Orders applicable to Plaintiffs' Interrogatories and Plaintiffs' Requests for Production, and would respectfully show this Honorable Court as follows:

1. **Statement of Case**: This is a suit for actual and exemplary damages arising out of Plaintiffs' sale of their interest in Chem Source, LLC (an entity in which Defendant World Investment Group, LLC also owned, and continues to own, an interest) to

Defendant World Investment Group, LLC. Plaintiffs claim that they would not have sold their interest had they known that Defendant World Investment Group, LLC was going to sell a portion of its ownership units to a third-party. Jurisdiction in this case is based on diversity of citizenship of the parties.

2. **Summary of Grounds for Objections and Motion for Protective Order**: Defendants' Objections and Motion for Protective Order address matters which are outside the scope of permissible discovery, matters which constitute work product or which are protected by the attorney-client privilege, matters which constitute trial preparation materials under Rule 26(b)(3) of the Federal Rules of Civil Procedure, and matters which constitute confidential information or trade secrets. Defendants, generally, contend that Plaintiffs' discovery requests are so broad as to encompass these privileged matters and matters which are not discoverable.

3. **Generally – Exceeds Scope of Permissible Discovery**: Pursuant to F.R.C.P. 26(b)(1), a party can discover non-privileged information relevant to the claims and defenses of any party. Such relevant information does not have to be admissible at trial if it appears reasonably calculated to lead to the discovery of admissible evidence. However, discovery of relevant, non-privileged information is still not permitted "… where no need is shown, or compliance would be unduly burdensome, or where harm to the person to whom discovery is sought outweighs the need of the person seeking discovery of the information". See: Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 Fed.3rd 922 (8th Cir. 1999).

4. **Attorney – Client Privilege**: Pursuant to Rule 501 of the Federal Rules of Evidence, in a civil action such as the present case where jurisdiction is based on diversity, the privilege of a witness or person "shall be determined in accordance with state law". Exxon Corp. v St. Paul Fire & Marine Insurance, 903 F.Supp. 1007 (E.D. La. 1995). Although the privilege itself is determined in accordance with state law (in this case, Texas law), federal courts have clearly spoken concerning the importance of this privilege. In Nguyen v Excel Corp., 197 F.3d 200 (5th Cir. 1999), the following is stated:

> "… [T]he privilege serves the valuable purpose of encouraging full and frank communications between clients and their attorneys, thereby promoting the broad public interest in the observance of law and the administration of justice."

The attorney – client privilege "… exists to protect not only the giving of professional advice to those that can act on it, but also the giving of information to the lawyer to enable him to give sound and informed advice. The first step in the resolution of any legal problem is ascertaining the factual background and sifting through the facts with an eye to the legally relevant." Upjohn Co. v U.S., 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). Where corporate employees, at the direction of corporate superiors in order to secure legal advice from counsel, communicate with corporate counsel, said communications are protected by the attorney – client privilege from disclosure. Upjohn Co. v U.S., supra; McGuire v Sigma Coatings, Inc., 48 F.3d 902 (5th Cir. 1995). "A client's specific request to an attorney and pertinent information related thereto fall

within the reaches of the privilege… [as do] the research undertaken by an attorney to respond to a client's request…". <u>Nguyen v Excel Corp.</u>, <u>supra</u>.

Texas courts have also addressed the purpose, application and scope of the attorney – client privilege. In <u>Ford Motor Co. v Leggatt</u>, 904 S.W.2d 643 (Tex. 1995), the Texas Supreme Court stated that the purpose of the attorney – client privilege "… is to secure the free flow of information between attorney and client on legal matters without the fear that details of the communication will be disclosed." This was echoed by the Texas Supreme Court the following year in <u>Huie v DeShazo</u>, 922 S.W.2d 920 (Tex. 1996), where it is stated: "…the privilege thus 'promote[s] effective legal services, which in turn promotes the broader societal interest of the effective administration of justice… [This privilege]" allows unrestrained communication and contact between an attorney and client <u>in all matters in which the attorney's professional advice or services are sought</u> without fear that these confidential communications will be disclosed by the attorney, voluntarily or involuntarily, in any legal proceedings". [Emphasis added]. See Also: <u>West v Solito</u>, 563 S.W.2d 240 (Tex. 1978).

Subject to five (5) exceptions (none of which are applicable hereto), a client (including a corporation, association or other organization or entity, either public or private, which is rendered legal services by a lawyer, or who consults a lawyer with a view to obtaining legal services from that lawyer, has a privilege to refuse to disclose and to prevent the disclosure of confidential communications made for the purpose of facilitating the rendition of professional legal services to the client. This includes such communications among lawyers and their representatives representing the same client, between the lawyer and the lawyer's representative, between a client or a client's representative and the client's lawyer or the lawyer's representative, among others. Rule 503, Texas Rules of Evidence.

5. **Attorney Work Product**: Matters constituting work product are not discoverable pursuant to Rule 192.5 of the Texas Rules of Civil Procedure. The work product privilege is broader than the attorney – client privilege because it includes all communications made in preparation for trial, including an attorney's interviews with parties and non-parties. <u>In Re: Bexar County Criminal Dist. Attorney's Office</u>, 224 S.W.3d 182 (Tex. 2007). The work product privilege covers more than just documents. It extends to an attorney's mental impressions, opinions, conclusions, and legal theories, as well as the selection and ordering of documents. <u>Id</u>. The attorney work product privilege protects two related, but different concepts. "First, the privilege protects the attorney's thought process, which includes strategy, decisions and issue formulation, and notes and writing evincing those mental processes. Second, the privilege protects the mechanical compilation of information to the extent such compilation reveals the attorney's thought processes". <u>Occidental Chemical Corp. v Banales</u>, 907 S.W.2d 488 (Tex. 1995). The primary purpose of the work product rule is to shelter the mental processes, conclusions and legal theories of the attorney, providing a "privileged area in which the lawyer can analyze and prepare the case". <u>Owens – Corning Fiberglas Corp. v Caldwell</u>, 818 S.W.2d 749 (Tex. 1991).

In particular, the discoverability of matters in an attorney's litigation file was addressed in <u>National Fire Ins. Co. of Pittsburgh, Pennsylvania v Valdez</u>, 863 S.W.2d 458 (Tex. 1993). In that case, the Texas Supreme Court stated:

> "An attorney's litigation file goes to the heart of the privileged work area guaranteed by the work product exemption… While a party should not be allowed to shield discoverable documents simply by placing them in an attorney's file, neither should its attorney be restricted in the organization and maintenance of his or her files by the prospect that they might have to be revealed in their entirety in either current or future litigation… Proper presentation of a client's case demands that [the attorney] assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories, and plan his strategy without undue and needless interference."

6. **Anticipation of Litigation**: Matters prepared in anticipation of litigation are not discoverable under Rule 26(b)(3) of the Federal Rules of Civil Procedure [trial preparation materials] and Rule 192.5 of the Texas Rules of Civil Procedure. Under Texas law, litigation is "anticipated" when two (2) tests are met:

   a. whenever the circumstances would indicate to a reasonable person that there is a substantial chance of litigation; and

   b. the party now asserting the privilege had a good faith belief that litigation would ensue.

   <u>See</u>: <u>In Re: Monsanto</u>, 988 S.W.2d 917 (Tex. App.—Waco 1999, orig. proceeding); <u>National Tank Co. v Brotherton</u>, 851 S.W.2d 193 (Tex. 1993).

   A "substantial chance of litigation" means "… that litigation is more than merely an abstract possibility or unwarranted fear… The underlying inquiry is whether it was reasonable for the investigating party to anticipate litigation and prepare accordingly." <u>National Tank Co. v Brotherton</u>, <u>supra</u>. The investigative privilege promotes "the truthful resolution of disputes through the adversarial process by encouraging complete and thorough investigation of facts by both sides." <u>National Tank Co. v Brotherton</u>, <u>supra</u>. Furthermore, a party may reasonably anticipate suit being filed and prepare for the expected litigation <u>before</u> anyone manifests an intent to sue. <u>In Re: Monsanto</u>, <u>supra</u>.

7. **Trade Secrets**: Pursuant to Rule 507 of the Texas Rules of Evidence, a party has a privilege to refuse to disclose and to prevent other persons from disclosing trade secrets owned by the objecting person (except in cases to conceal fraud or otherwise work injustice). "Trade secret" means "any formula, pattern, device or compilation of information which is used in one's business and presents an opportunity to obtain an advantage over competitors who do not know or use it". <u>In Re: IR Bass</u>, 113 S.W3d 735 (Tex. 2003); <u>Computer Associates International v Altai, Inc.</u>, 918 S.W.2d 453 (Tex. 1996); <u>Sharma v Venmar</u>, 231 S.W.3d 405 (Tex. App.—Houston [14th Dist.] 2007, no

pet.). The following factors are utilized by Texas courts to determine whether something constitutes a trade secret:

a. The extent to which the information is known outside claimant's business.

b. The extent to which information is known by employees and others in claimant's business.

c. The extent of measures taken by claimant to guard the secrecy of the information.

d. The value of the information to claimant and his competitors.

e. The amount of effort or money expended by claimant in developing the information.

f. The ease or difficulty with which the information could be properly acquired or duplicated by others.

In Re: Bass, supra; Sharma v Venmar, supra. All six factors are not required in order to establish that a matter constitutes a trade secret. General Universal Systems, Inc. v Lee, 379 Fed.3d 131 (5th Cir. 2004). The determination of whether any given piece of information is entitled to trade secret protection "… is a contextual inquiry which must evaluate a number of factors." General Universal Systems, Inc. v Lee, supra.

Customer lists, pricing information, vendor lists, buyer contacts, client information, client preferences, market strategies and customer contracts have long been recognized as trade secrets. TNT Motor Sports, Inc. v Hennessey Motor Sports, Inc., 965 S.W.2d 18 (Tex. App.—Houston [1st Dist.] 1998, pet. dism'd); Miller Paper Co. v Roberts Paper Co., 902 S.W.2d 593 (Tex. App.—Amarillo 1995, no writ). Additionally, financial information can also constitute a trade secret. See: In Re: Desa Heating, LLC, 2006 WL 1713489 (Tex. App.—Fort Worth 2006, orig. proceeding) (memo op.) [unpublished opinion].

8. **Sufficiency of Affidavit**: The affidavit of General Counsel William A. Hicks regarding the Objections and Motions for Protective Orders asserted herein is legally sufficient for the following reasons:

a. It complies with Tex. Gov. Code Sec. 132.011(1).

b. The Affiant has acknowledged the sources from which he gathered his knowledge and states that all facts are within his personal knowledge and are true and correct. Ex Rel Teal v State, 230 S.W.3d 427 (Tex. App.—San Antonio 2007, pet. denied); Grothjohn Precise Commexiones Int'l. v JEM Fin., Inc., 12 S.W.3d 859 (Tex. App.—Texarkana 2000, no pet.). See also: In Re: E.I. DuPont Nemours & Co., 136 S.W.3d 218 (Tex. 2004).

Even if an affidavit addresses groups of documents rather than each document individually, it can still be held to be sufficient to make a prima facie showing of attorney – client and/or work product privilege. In Re: E.I. DuPont Nemours & Co., supra; In Re: Toyota Motor Corp., 94 S.W.3d 819 (Tex. App.—San Antonio 2002, orig. proceeding). See also In Re: Monsanto Co., 998 S.W.2d 917 (Tex. App.—Waco 1999, orig. proceeding).

WHEREFORE, PREMISES CONSIDERED, your Defendants respectfully submit that, based upon the foregoing authorities, Defendants' objections to the discovery including Subpoenas Duces Tecum in question should be sustained and orders be entered by this Honorable Court protecting them therefrom.

Respectfully Submitted,

_____
WILLIAM A. HICKS
State Bar No. 09582000
bhicks@fractech.net
SHARON E. HICKS
State Bar No. 18787500
shicks@fractech.net
P. O. Box 1587
Cisco, Texas 76437
817-850-1008
817-850-1011 – FAX

ATTORNEYS FOR DEFENDANTS, WORLD INVESTMENT GROUP, LLC, DANIEL H. WILKS, FARRIS WILKS, WILLIAM BARKER AND FRANKLIN AUTRY

## CERTIFICATE OF SERVICE

I do hereby certify that on the 5th day of December, 2007, I have served a true and correct copy of the above and foregoing upon all counsel of record, electronically, addressed as follows:

Mr. John Smithee
Mr. Brian P. Heinrich
Mr. David M. Russell
Templeton, Smithee, Hayes, Heinrich & Russell, L.L.P.
320 S. Polk, Suite 1000, Lobby Box 5
Amarillo, Texas 79101

*Sharon E. Hicks*
Sharon E. Hicks