IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| INDUSTRIAL ENVIRONMENTAL SERVICES, LLC., an Oklahoma LLC.; and MIKE WILLIAMS, Individually and as Managing Member of INDUSTRIAL ENVIRONMENTAL SERVICES, LLC., an Oklahoma LLC.; | §<br>§<br>§<br>§<br>§<br>§<br>§ | |
| Plaintiffs | §<br>§ | |
| vs. | §<br>§ | CASE NO. 1:07-CV-178<br>ECF |
| WORLD INVESTMENT GROUP, LLC. (a Delaware LLC.); DANIEL H. WILKS; FARRIS WILKS; WILLIAM BARKER; and FRANKLIN AUTRY, all Individually and as members of World Investment Group, LLC. (a Delaware LLC.) | §<br>§<br>§<br>§<br>§<br>§<br>§ | |
| Defendants | § | |

**DEFENDANT WORLD INVESTMENT GROUP, LLC'S
FIRST AMENDED ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' ORIGINAL COMPLAINT AND ORIGINAL COUNTERCLAIMS
AGAINST PLAINTIFFS**

TO THE HONORABLE JUDGE SAM R. CUMMINGS:

Defendant World Investment Group, LLC ("World Investment Group" or "Defendant")

respectfully files this its First Amended Original Answer and Affirmative Defenses to Plaintiffs'

Original Complaint and Original Counterclaims against Plaintiffs.  In support thereof, World

Investment would respectfully show the Court as follows:

DEFENDANT WORLD INVESTMENT GROUP, LLC'S FIRST AMENDED ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL COMPLAINT AND ORIGINAL COUNTERCLAIMS AGAINST PLAINTIFFS

1

# I.
## Rule 9 Special Matters

1.     Plaintiffs' claims in this cause relate to a Sale and Purchase Agreement ("the Agreement"), effective August 25, 2006, under which Defendant World Investment Group, LLC. ("World Investment Group") purchased the ownership interest of Plaintiff Industrial Environmental Services, LLC ("Industrial Environmental") in an entity named Chem Source, LLC. ("Chem Source"). Plaintiff Michael E. Williams ("Williams"), individually, neither owned an interest in nor was he a member of Chem Source.  Likewise, the individual defendants represented by undersigned counsel – Daniel H. Wilks, Farris Wilks, and William Barker – were not owners or members of Chem Source (nor were they parties to the Agreement).

2.     Williams asserts claims in his individual capacity and in his capacity as the managing member of Industrial Environmental against World Investment Group and Daniel Wilks, Farris Wilks, and William Barker in their individual capacities and in their capacities as members of World Investment Group.  Pursuant to Rule 9(a), World Investment Group denies that Williams is a proper party to this cause in his individual capacity because he did not, personally, own an interest in Chem Source.  World Investment Group further respectfully submits that members of a limited liability company are not proper parties to actions brought by or against the company.  Accordingly, pursuant to Rule 9(a), World Investment Group denies that Williams is a proper party to this cause in his capacity as a member of Industrial Environmental.

# II.
## Answer

1.     Subject to the Rule 9 matters set forth above, Defendant admits the party allegations in Paragraph 1 of the Complaint.

DEFENDANT WORLD INVESTMENT GROUP, LLC'S FIRST AMENDED ORIGINAL ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL COMPLAINT AND ORIGINAL COUNTERCLAIMS
AGAINST PLAINTIFFS

2

2.    Subject to the Rule 9 matters set forth above, Defendant admits the party allegations in Paragraph 2 of the Complaint with the exception of the allegations that Defendants William Barker and Franklin Autry reside in Tarrant County, Texas. Defendants William Barker and Franklin Autry reside in Parker County, Texas.

3.    As alleged in Paragraph 3 of the Complaint, Defendant admits that this Court has diversity jurisdiction over the subject matter of this cause under 28 U.S.C. § 1332(a)(1).

4.    Defendant admits that, as alleged in Paragraph 4 of the Complaint, this Court has personal jurisdiction over Defendant. Defendant denies the allegations in Paragraph 4 of the Complaint that Defendant World Investment Group solicited Plaintiffs to sell Industrial Environmental's certain ownership interest upon which this suit is based. Defendant denies that Plaintiff Williams previously owned an interest in Chem Source.

5.    As alleged in Paragraph 5 of the Complaint, Defendant admits that venue is proper in the Northern District of Texas. However, Defendant asserts that this Court should transfer venue of this cause pursuant to 28 U.S.C. § 1404(a) and (b) to the Abilene Division of the Northern District of Texas. This Motion to Transfer Venue was previously granted.

6.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint that Williams founded Industrial Compounding, LLC., ("Industrial Compounding") in 1992. Defendant admits Industrial Compounding was converted to an Oklahoma limited liability company in or about 2005 and that Williams and his wife were members and equity owners in Industrial Compounding until they sold their equity interest to Chem Source on or about March 1, 2006. Defendant denies the remainder of the allegations in Paragraph 6 of the Complaint.

DEFENDANT WORLD INVESTMENT GROUP, LLC'S FIRST AMENDED ORIGINAL ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL COMPLAINT AND ORIGINAL COUNTERCLAIMS
AGAINST PLAINTIFFS

3

7.      Concerning the allegations in Paragraph 7 of the Complaint, Defendant is without knowledge or information sufficient to form a belief that Williams founded Industrial Environmental in 2002.  Defendant admits the remainder of the allegations in Paragraph 7 of the Complaint.

8.      With respect to the allegations in Paragraph 8 of the Complaint, Defendant admits that Industrial Environmental, Joe Jacobi, and World Investment Group agreed to form Chem Source.  Defendant denies that Plaintiff Williams and that Defendants Daniel H. Wilks, Farris Wilks, William Barker and Frank Autry were members of Chem Source in their individual capacities.  Defendant further admits that Chem Source is a Nevada limited liability company and that it was established to sell chemicals.  Defendant further denies Plaintiffs' allegations in Paragraph 8 of the Complaint as to ownership interests of Chem Source.  In this regard, Defendant denies that Plaintiff Williams individually owned 17% of Chem Source and denies that Defendants Daniel H. Wilks, Farris Wilks, William Barker and Franklin Autry owned interests in Chem Source.  Defendant further admits that prior to August 25, 2006, Joe Jacobi owned 17% of the units in Chem Source.

9.      Defendant admits the allegations in Paragraph 9 of the Complaint that one of Chem Source's largest customers was Frac Tech Services, Ltd.  Defendant denies the remainder of the allegations in Paragraph 9 of the Complaint.

10.     Defendant admits the allegations in Paragraph 10 of the Complaint that the sale of all equity interests in Industrial Compounding to Chem Source was consummated in or about March 2006 and that, thereafter, Chem Source owned 100% of the equity interest in Industrial Compounding.  Defendant denies the remainder of the allegations in Paragraph 10 of the Complaint.

DEFENDANT WORLD INVESTMENT GROUP, LLC'S FIRST AMENDED ORIGINAL ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL COMPLAINT AND ORIGINAL COUNTERCLAIMS
AGAINST PLAINTIFFS

4

11.     Defendant admits the allegation in Paragraph 11 of the Complaint that Chem Source became a successful marketer of chemicals.   Defendant denies the remainder of the allegations in Paragraph 11 of the Complaint.

12.     Defendant denies the allegations in Paragraphs 12 and 13 of the Complaint.

13.     With regard to the allegations contained in Paragraph 14 of the Complaint, Defendant admits that there were on-going negotiations with Chesapeake Operating, Inc., including in August 2006. Otherwise, the averments contained in Paragraph 14 are denied.

14.     With regard to the averments contained in Paragraphs 15 of the Complaint, Defendant admits that there were on-going negotiations with Chesapeake Operating, Inc., including in August 2006. Otherwise, the averments contained in Paragraph 15 are denied.

15.     Defendant denies the allegations in Paragraphs 16, 17 and 18 of the Complaint.

16.     In response to Paragraph 19 of the Complaint, Defendant re-pleads its admissions and denials contained in its response to Paragraphs 1 – 18, inclusive, of the Complaint above, and incorporates same herein by reference.

17.     Defendant denies the allegations in Paragraphs 20 through 25, inclusive, of the Complaint.

18.     In response to Paragraph 26 of the Complaint, Defendant re-pleads its admissions and denials contained in its response to Paragraphs 1 – 25, inclusive, of the Complaint above and incorporates same herein by reference.

19.     Defendant admits the allegations in Paragraph 27 of the Complaint that Industrial Environmental and World Investment Group were members in Chem Source.  Defendant denies the remainder of the allegations in Paragraph 27 of the Complaint.  Specifically, Defendant

DEFENDANT WORLD INVESTMENT GROUP, LLC'S FIRST AMENDED ORIGINAL ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL COMPLAINT AND ORIGINAL COUNTERCLAIMS
AGAINST PLAINTIFFS

5

denies that a fiduciary or special relationship existed between either of the Plaintiffs, on the one hand, and Defendants, on the other hand, that would have given rise to a duty of disclosure.

20.     Defendant denies the allegations in Paragraph 28 of the Complaint that a duty existed to disclose facts to Plaintiffs, and further denies the remainder of the allegations in Paragraph 28 of the Complaint.

21.     Defendant denies the allegations in Paragraphs 29 through 36, inclusive, of the Complaint.

22.     In response to Paragraph 37 of the Complaint, Defendant re-pleads its admissions and denials contained in its response to Paragraphs 1 – 36, inclusive, of the Complaint above and incorporate same herein by reference.

23.     Defendant denies the allegations in Paragraphs 38 through 42, inclusive, of the Complaint.

24.     In response to Paragraph 43 of the Complaint, Defendant re-pleads its admissions and denials contained in its response to Paragraphs 1 – 42, inclusive, of the Complaint above and incorporates same herein by reference.

25.     Defendant admits the allegations in Paragraph 44 of the Complaint that Industrial Environmental and World Investment Group were members in Chem Source.  Defendant denies the remainder of the allegations in Paragraph 44 of the Complaint.  Specifically, Defendant denies that a fiduciary or special relationship existed between either of the Plaintiffs, on the one hand, and Defendants, on the other hand, that would have given rise to a duty of disclosure or any of the other duties alleged in Paragraphs 44 through 48, inclusive, of the Complaint. Therefore, Defendant denies the allegations in Paragraphs 44 through 48, inclusive, of the Complaint.

DEFENDANT WORLD INVESTMENT GROUP, LLC'S FIRST AMENDED ORIGINAL ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL COMPLAINT AND ORIGINAL COUNTERCLAIMS
AGAINST PLAINTIFFS

6

26.     Defendant denies the allegations in Paragraphs 49 through 52, inclusive, of the Complaint.

27.     With respect to the allegations in Paragraph 53 of the Complaint, Defendant denies that Plaintiff Williams has satisfied conditions precedent to maintaining this cause in his capacity as a member of Plaintiff, Industrial Environmental.

28.     Defendant denies the allegations in Paragraphs 54 through 60, inclusive, of the Complaint, and the requested relief set forth in the Conclusion and Prayer of the Complaint.

### III.
### Rule 8(c) Affirmative Defenses

Defendant World Investment Group denies each and every allegation not expressly admitted herein.  In addition, Defendant World Investment Group's Affirmative Defenses are listed below.  Defendant World Investment Group reserves the right to amend its Answer to add additional Affirmative Defenses consistent with the facts discovered in this case.  Pursuant to Rule 8(c), Defendant pleads the following Affirmative Defenses:

1.     When Plaintiff Industrial Environmental sold its interest in Chem Source to World Investment Group, Plaintiffs were aware of on-going negotiations involving Chesapeake Operating, Inc.  Therefore, Plaintiffs' claims are barred by quasi-estoppel, ratification and waiver.

2.     Plaintiffs' claims are barred by Section 3(f) of the Agreement.  In Section 3(f) of the Agreement, Plaintiffs represented and warranted that "[Industrial Environmental] has been given access to such information regarding [Chem Source] as [Industrial Environmental] has requested and has obtained such information regarding [Chem Source] as [Industrial Environmental] desires.  Except for [World Investment Group's] covenants in this Agreement, [Industrial Environmental] is not relying on any representation, warranty or covenant from

[World Investment Group] with respect to this transaction, including the purchase price for the Units sold by [Industrial Environmental.]"

3.    Plaintiffs' claims are barred and released by 7(b) of the Agreement.  In Section 7(b) of the Agreement, Plaintiffs, "release[d] [Chem Source] from any claim or liability which arises out of any event occurring or any circumstances in existence on or prior to the Effective Date, whether under any prior contractual arrangement between [Chem Source] and [Industrial Environmental] or otherwise, and whether such claim or liability arose to [Industrial Environmental] by virtue of [Industrial Environmental's] status as a member, contractor of [Chem Source] or otherwise."

4.    Plaintiffs' claims are barred by the fraud and misrepresentations set forth in World Investment Group's Original Counterclaim against Williams and Industrial Environmental.

5.    Plaintiffs claims are barred  because they accepted the benefits of any alleged fraud.

6.    Plaintiffs claims for damages are barred because as "sellers" of 170 units of Chem Source they have asserted an incorrect benefit of the bargain theory of damages.

## IV.
## WORLD INVESTMENT GROUP'S ORIGINAL COUNTER-CLAIMS

**A.    Parties.**

1.    Counter-Claimant is World Investment Group.  World Investment Group is a Delaware limited liability company with its principal place of business in Texas.

2.    Counter-Defendants are Industrial Environmental and Williams.   Industrial Environmental is an Oklahoma Limited Liability Company with its principal place of business in Oklahoma.  Williams is an individual residing in Oklahoma.

DEFENDANT WORLD INVESTMENT GROUP, LLC'S FIRST AMENDED ORIGINAL ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL COMPLAINT AND ORIGINAL COUNTERCLAIMS
AGAINST PLAINTIFFS

8

**B.    Jurisdiction and Venue.**

3.    This Court has asserted jurisdiction over this claim under 28 U.S.C. 1332(a)(1). The amount in controversy of World Investment's counterclaim exceeds $75,000, and Industrial Environmental has represented to this Court there is complete diversity of citizenship.

4.    Venue is proper in this district under 28 U.S.C. § 1391.

**C.    Factual Background.**

5.    In 2006, Industrial Environmental – through its sole member Williams – approached World Investment regarding the potential sale of Industrial Environmental's 170 Chem Source units.  World Investment presented Mike Williams with a $4,500,000 offer for Industrial Environmental's 170 Chem Source units.  This offer was rejected by Williams and Industrial Environmental.

6.    After rejecting World Investment's offer, Williams informed World Investment that Industrial Environmental would sell its 170 Chem Source units for $6,000,000.  This offer was accepted by World Investment based on representations made by both Williams and Industrial Environmental regarding the value of Industrial Environmental's 170 Chem Source units.  Williams and Industrial Environmental now claim the offer they presented to World Investment was an incorrect assessment of value.

7.    Williams was founder and President of Chem Source's wholly-owned subsidiary, Industrial Environmental.  By virtue of this position, Williams and Industrial Environmental had unfettered access to the actual financial statements, customer lists, and asset lists of both Chem Source and Industrial Compounding.  Williams and Environmental also had access to Chem Source's president, Joe Jacobi, regarding financial status of Chem Source.  As such, Williams

DEFENDANT WORLD INVESTMENT GROUP, LLC'S FIRST AMENDED ORIGINAL ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL COMPLAINT AND ORIGINAL COUNTERCLAIMS
AGAINST PLAINTIFFS

9

and Industrial Environmental were able to accurately assess – and misrepresent – the monetary value of Industrial Environmental's 170 Chem Source units.

8.    After being induced to acquire Industrial Environmental's 170 Chem Source units, World Investment discovered the representations made by Williams and Industrial Environmental regarding the valuation of Industrial Environmental's 170 Chem Source units were false. That is, Industrial Environmental's 170 Chem Source units were worth far less than the $6,000,000 paid by Chem Source. As such, World Investment seeks to:  (1) rescind the transaction set forth in the Sale and Purchase Agreement dated August 25, 2006; or (2) recover the difference between the $6,000,000 it paid for Industrial Environmental's 170 Chem Source units and what these units are actually worth which is below $6,000,000.

**D.    Causes of Action.**

### COUNT ONE-FRAUD

9.    World Investment incorporates paragraphs 1 through 8 herein by reference.

10.    Williams and Industrial Environmental misrepresented the value of Industrial Environmental's 170 Chem Source units were collectively  worth $6,000,000 when they were in actuality worth less than that $6,000,000.  Williams and Industrial Environmental knew their representations regarding the value of Industrial Environmental's 170 Chem Source units were material to World Investment.  Williams and Industrial Environmental intended for and knew World Investment was relying on and, if fact, did rely upon these representations.   World Investment was damaged by the fraud committed by Williams and Industrial Environmental.

### COUNT TWO—NEGLIGENT MISREPRESENTATION

11.    World Investment incorporates paragraphs 1 through 10 herein by reference.

12.    Williams and Industrial Environmental made a material misrepresentation to World Investment regarding the value of Industrial Environmental's 170 Chem Source units in a

transaction to which they both had, or purported to have, a pecuniary interest. Williams and Industrial Environmental made material misrepresentations and supplied other incorrect information regarding the value of Industrial Environmental's 170 Chem Source to World Investment for the guidance of World Investment's business. At all times, Williams and Industrial Environmental failed to exercise reasonable care and competence in communicating the above-referenced information to World Investment. World Investment suffered substantial pecuniary loss because it relied upon the material misrepresentations made by Williams and Industrial Environmental.

**V.**
**JURY DEMAND**

1.    World Investment requests a trial by jury for all issues triable by a jury.

**VI.**
**PRAYER FOR RELIEF**

World Investment Group respectfully prays that Plaintiffs take nothing by their suit against it, that it be awarded its costs and attorneys' fees, and that it be awarded all other relief to which it is justly entitled whether at law or in equity. In connection with its counterclaims, World Investment Group respectfully requests that Plaintiffs be cited to appear and answer and that, upon final trial, the Court award it the following relief:

a.    rescind the transaction set forth in the Sale and Purchase Agreement dated August 25, 2006, thereby providing World Investment with $6,000,000 and Industrial Environmental with 170 Chem Source units or, alternatively, award World Investment with the difference between what it paid for Industrial Environmental's 170 units in Chem Source and what these units were actually worth;

DEFENDANT WORLD INVESTMENT GROUP, LLC'S FIRST AMENDED ORIGINAL ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL COMPLAINT AND ORIGINAL COUNTERCLAIMS
AGAINST PLAINTIFFS

11

      b.     award World Investment with punitive and/or exemplary damages pursuant to §41.003 of the Texas Civil Practices and Remedies Code;

      c.     award World Investment its reasonable attorneys' fees and costs;

      d.     award World Investment all pre- and post-judgment interests allowed by law; and

      e.     award World Investment such other and further relief, general or special, at law or in equity, to which World Investment may show itself justly entitled.

Respectfully submitted,


_____/s/ Derek W. Anderson_____
Marshall M. Searcy, Jr.
State Bar No. 17955500
Derek W. Anderson
State Bar No. 24012215
Chris S. Greer
State Bar No. 24048954
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500
(817) 878-9280 (facsimile)
marshall.searcy@khh.com
derek.anderson@khh.com
chris.greer@khh.com

**ATTORNEYS FOR DEFENDANTS
WORLD INVESTMENT GROUP LLC,
DANIEL H. WILKS, FARRIS WILKS
AND WILLIAM BARKER**

William A. Hicks
State Bar No. 09582000
Sharon E. Hicks
State Bar No. 18787500
P.O. Box 1587
Cisco, Texas 76437
(817) 850-1008
(817) 850-1011 (facsimile)
bhicks@fractech.net
shicks@fractech.net

**ATTORNEYS FOR DEFENDANTS
WORLD INVESTMENT GROUP LLC,
DANIEL H. WILKS, FARRIS WILKS, AND
WILLIAM BARKER**

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2008, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the CM/ECF system of the Court which will send a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

John Smithee
Brian P. Heinrich
David M. Russell
Templeton, Smithee,
  Hayes, Heinrich & Russell, L.L.P.
320 S. Polk, Suite 1000
Lobby Box 5 (79101)
P.O. Box 15010(79105)
Amarillo, Texas
john@templetonsmithee.com
brian@templetonsmithee.com
david@templetonsmithee.com

Walker C. Friedman
Christian D. Tucker
Friedman, Suder & Cooke, A P.C.
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
wcf@fsclaw.com
tucker@cdtlaw.com

    s/ Derek W. Anderson
Derek W. Anderson

DEFENDANT WORLD INVESTMENT GROUP, LLC'S FIRST AMENDED ORIGINAL ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL COMPLAINT AND ORIGINAL COUNTERCLAIMS
AGAINST PLAINTIFF

14