IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| INDUSTRIAL ENVIRONMENTAL SERVICES, LLC., an Oklahoma LLC.; and MIKE WILLIAMS, Individually and as Managing Member of INDUSTRIAL ENVIRONMENTAL SERVICES, LLC., an Oklahoma LLC.; <br><br>  Plaintiffs <br><br> vs. <br><br> WORLD INVESTMENT GROUP, LLC. (a Delaware LLC.); DANIEL H. WILKS; FARRIS WILKS; WILLIAM BARKER; and FRANKLIN AUTRY, all Individually and as members of World Investment Group, LLC. (a Delaware LLC.) <br><br>  Defendants | § § § § § § § § § § § § § § § § § § § § | CASE NO. 1:07-CV-178 <br> ECF |

## DEFENDANT WORLD INVESTMENT GROUP, LLC's RESPONSE AND OBJECTIONS TO PLAINTIFFS' MOTION FOR A MORE DEFINITE STATEMENT AND BRIEF IN SUPPORT THEREOF

TO THE HONORABLE JUDGE SAM R. CUMMINGS:

Defendant World Investment Group, LLC ("World Investment Group") respectfully files its Response and Objections to Plaintiffs' Motion for a More Definite Statement and Brief in Support Thereof, and would respectfully show the Court the following:

**I.**
**PRELIMINARY STATEMENT.**

1. On February 29, 2008, Plaintiffs (and Counter-Defendants) Mike Williams ("Williams") and Industrial Environmental Services, LLC ("Industrial Environmental") filed their Federal Rule of Civil Procedure Rule 12(e) Motion for More Definite Statement (the

"Motion").[1] In their Motion, Plaintiffs *do not* seek clarification of (and appear to fully comprehend) the factual basis underlying World Investment Group's common law fraud, statutory fraud, and negligent misrepresentation counterclaims.[2] Rather, Plaintiffs impermissibly seek to utilize their Rule 12(e) Motion as a vehicle to obtain discovery on whether World Investment Group is entitled to the equitable remedy of "rescission" should it prevail on its counterclaims.

2. It is proper for the Court to deny Plaintiffs' Motion because: (1) World Investment Group has sufficiently plead its common law fraud, statutory fraud, and negligent misrepresentation counterclaims, (2) Rule 12(e) is not to be used as a mechanism to obtain discovery; and (3) World Investment Group has properly notified Plaintiffs of its intent to seek the equitable remedy of rescission in connection with its common law fraud, statutory fraud, and negligent misrepresentation counterclaims.

## II.
## Factual Background.

3. On February 22, 2008, World Investment Group asserted counterclaims against Plaintiffs for common law fraud and negligent misrepresentation. On February 29, 2008, World Investment Group amended its counterclaim and asserted a statutory fraud counterclaim against Plaintiffs. Plaintiffs have not responded to or sought clarification of the factual basis underlying World Investment Group's common law fraud, statutory fraud, and negligent misrepresentation counterclaims. Plaintiffs, in fact, have failed to articulate any reason explaining why they cannot

---

[1] On March 5, 2008, Plaintiffs (Counter-Defendants) filed a Supplemental Rule 12(e) Motion for More Definite Statement. Plaintiffs' Supplemental Motion merely incorporated by reference their initial Rule 12(e) Motion and did not set forth any new arguments. As such, this document is meant to respond to Plaintiffs' (Counter-Defendants) Supplemental Rule 12(e) Motion for More Definite Statement as well.

[2] Plaintiffs, in fact, have conceded World Investment Group sufficiently plead its claims under the Federal Rules of Civil Procedure. That is, Plaintiffs have stated in clear and unequivocal terms that they have "elected not to seek a more definite statement" as to World Investment Group's fraud allegations. [Motion, p. 3, n. 3]

respond to the clear and unambiguous factual allegations that form the basis of World Investment Group's common law fraud, statutory fraud, and negligent misrepresentation counterclaims.

4. World Investment Group alleged that, in 2006, Industrial Environmental (through its sole member Williams) approached World Investment Group regarding the potential sale of Industrial Environmental's 170 units in Chem Source. World Investment Group initially offered Industrial Environmental (through Williams) $4.5 million for Industrial Environmental's Chem Source units. Industrial Environmental rejected this offer.

5. After rejecting World Investment Group's offer, Industrial Environmental (through Williams) elected to present World Investment Group with a $6 million offer for Industrial Environmental's 170 Chem Source units. This offer was accepted by World Investment Group based on the representations made by Williams and Industrial Environmental regarding the value of Industrial Environmental's 170 Chem Source units. This transaction was memorialized in the Sale and Purchase Agreement dated August 25, 2006 ("Sale and Purchase Agreement").

6. At all times relevant to World Investment Group's counterclaims, Williams: (1) was employed by Chem Source's wholly owned subsidiary, Industrial Compounding, L.L.C., (2) was in a close personal and business relationship with Chem Source's president (Joe Jacobi); and (3) had unfettered access to the books and records of Chem Source. As such, Williams and Industrial Environmental were in the best position to accurately assess – and misrepresent – the monetary value of Industrial Environmental's 170 Chem Source units.

7. After executing the Sale and Purchase Agreement, World Investment Group discovered the representations Williams and Industrial Environmental made regarding the value of Industrial Environmental's 170 Chem Source units were false. That is, Industrial

Environmental's 170 Chem Source units were worth far less then the $6,000,000 paid by World Investment Group.

8. Based on these factual allegations, World Investment Group asserted counterclaims against Plaintiffs for statutory fraud, common law fraud, and negligent misrepresentation. In connection with its counterclaims, World Investment Group specifically identified the following remedies: (1) benefit-of-the-bargain damages (i.e. the difference between what it paid for Industrial Environmental's 170 Chem Source units and what they were worth); or (2) rescission (i.e. to rescind the transaction set forth in the Sale and Purchase Agreement).

9. Plaintiffs have not denied and/or sought clarification of any factual allegation giving rise to World Investment Group's common law fraud, statutory fraud, and negligent misrepresentation counterclaims. In fact, Plaintiffs have apparently decided to "admit" the factual allegations underlying World Investment Group's common law fraud, statutory fraud, and negligent misrepresentation claims and are in a quandary as to whether they should admit World Investment Group is entitled to actual damages or the equitable remedy of rescission. In an effort to escape its quandary, Plaintiffs seek to impose an unrecognizable burden on World Investment Group – that is, to have World Investment Group set forth evidence (in its counterclaim) affirmatively demonstrating the equitable remedy of rescission is a viable option to resolve its common law fraud, statutory fraud, and negligent misrepresentation counterclaims.

## II.
### ARGUMENT AND AUTHORITY

A. **To Prevail on Their Rule 12(e) Motion, Plaintiffs Must Demonstrate: (1) World Investment Group's Counterclaims Are Vague, Ambiguous, and Unintelligible; and (2) They Will Be Prejudiced if Required to Respond to World Investment Group's Counterclaims Without a More Definite Statement.**

10. Rule 12(e) provides, in pertinent part, that where "a pleading . . . is so vague or ambiguous that [a] party cannot reasonably prepare a response," the party may move for a more definite statement. FED. R. CIV. P. 12(e). The standard for evaluating a Rule 12(e) motion for more definite statement is whether the complaint "is so excessively vague and ambiguous as to be unintelligible" thereby prejudicing the responding party "in attempting to answer it." *Fullen v. Galveston Indep. Sch. Dist.*, 2008 WL 150969, *4 (S.D. Tex. 2008). To prevail on their motion, Plaintiffs must therefore affirmatively demonstrate: (1) World Investment Group's statutory fraud, common law fraud, and negligent misrepresentation counterclaims are so excessively vague and ambiguous they are, in essence, unintelligible; and (2) they will be prejudiced if required to respond to World Investment Group's statutory fraud, common law fraud, and negligent misrepresentation counterclaims as currently pleaded.

B. **Rule 12(e) Motions Are "Disfavored" by Courts Given the Pleading Requirements of the Federal Rules of Civil Procedure.**

9. It is well settled that Rule 12(e) motions are generally disfavored. *Travelers Indem. Co. of Conn. v. Presbyterian Healthcare Res.*, 313 F. Supp. 2d 648, 654 (N.D. Tex. 2004). It is equally well settled that Rule 12(e) motions are not to be used to correct pleadings that lack detail; rather, they are to be used solely as a remedy to correct ***unintelligible*** pleadings. *Philip Morris USA, Inc. v. Lee*, 481 F. Supp. 2d 742, 751 (W.D. Tex. 2006). In fact, it is only proper for a court to grant a Rule 12(e) motion when the challenged complaint is so unintelligible that a responsive pleading cannot be framed. *See Guess?, Inc. v. Chang*, 912 F. Supp. 372, 381 (N.D. Ill. 1995); 5C Wright & Miller, *Federal Practice & Procedure 3d* § 1376 (2004 & Supp. 2007).

C. **World Investment Group's Statutory Fraud, Common Law Fraud, and Negligent Misrepresentation Pleading Allegations Comport With the Federal Rules of Civil Procedure.**

11. Plaintiffs do not complain there is a lack of specificity in the allegations underlying World Investment Group's common law or statutory fraud counterclaims under Rule 9(b). Likewise, Plaintiffs do not complain there is a lack of specificity in the allegations underlying World Investment Group's negligent misrepresentation counterclaims under Rule 8(a). Rather, Plaintiffs impermissibly seek to have World Investment Group adduce evidence in its counterclaim demonstrating it is entitled – as a matter of law – to the equitable remedy of rescission in connection with its common law fraud, statutory fraud, and negligent misrepresentation claims.[3] Plaintiffs' Rule 12(e) motion, however, is the improper vehicle to: (1) attack the viability of World Investment Group's request for the equitable remedy of rescission; and (2) force World Investment Group to prove (as a matter of law) it is entitled to the equitable remedy of rescission.

**D. World Investment Group Has Provided Plaintiffs with "Fair Notice" of Its Intent to Seek the Equitable Remedy of Rescission in Connection with Its Common Law Fraud, Statutory Fraud, and Negligent Misrepresentation Claims.**

12. Throughout their Motion, Plaintiffs contend World Investment Group has asserted a specific counterclaim for rescission. That is not the case. World Investment Group has asserted counterclaims for statutory fraud, common law fraud, and negligent misrepresentation. In connection with these claims, World Investment Group has identified two potential remedies that may be appropriate to compensate it for the wrongful and tortious acts committed by

---

[3] In support of their argument, Plaintiffs rely solely on *Blakeney v. Lomas Info. Sys., Inc.* 65 F.3d 482, 485 (5th Cir. 1995). Plaintiffs' reliance upon *Blakeney* is seriously misplaced. That is, *Blakeney* does not analyze whether the remedy of rescission was properly invoked or plead in connection with common law fraud, statutory fraud, and/or negligent misrepresentation claims. Rather, *Blakeney* merely analyzed whether certain age discrimination claimants adduced sufficient evidence to raise a fact issue as to whether they "ratified" certain waivers they executed waiving their rights under the Older Workers Benefit Protection Act ("OWBPA"). Moreover, *Blakeney* does not address the equitable remedy of rescission in the context of common law fraud, negligent misrepresentation, or statutory fraud claims; rather, it explains what a claimant must do to specifically "rescind" a waiver under the OWPBA. Simply put, *Blakeney* has no bearing on the outcome of Plaintiffs' Rule 12(e) Motion.

Plaintiffs: (1) actual damages (under a benefit-of-the-bargain theory); and (2) the equitable remedy of rescission. World Investment Group has complied with its pleading obligations. That is, World Investment Group identified the specific remedies it seeks to pursue in connection with its common law fraud, statutory fraud, and negligent misrepresentation counterclaims.

13.  Plaintiffs have tacitly admitted they were properly placed on notice of World Investment Group's intent to pursue the equitable remedy of rescission. In fact, Plaintiffs spent several pages discussing World Investment Group's request for the equitable remedy of rescission. Plaintiffs even went so far as to outline the facts, details, and/or other information they allegedly need to ascertain whether World Investment Group is entitled to the equitable remedy of rescission in connection with its common law fraud, statutory fraud, and/or negligent misrepresentation counterclaims. Plaintiffs cannot (in good faith) argue they have been provided with inadequate, insufficient, and/or otherwise deficient notice of World Investment Group's intent to seek the equitable remedy of rescission in connection with its common law fraud, statutory fraud, and negligent misrepresentation counterclaims.

14.  Plaintiffs would have the Court believe that there is some kind of "heightened" pleading requirement applicable when identifying potential remedies sought in connection with a counterclaim. The Federal Rules of Civil Procedure are devoid of any such heightened pleading requirement. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 167-68 (1993) (recognizing the only heightened pleading requirement beyond Rule 8 is the requirement to plead the specific factual basis giving rise to fraud and mistake claims). In fact, the Federal Rules of Civil Procedure merely require World Investment Group to set forth: (1) the factual basis for its negligent misrepresentation counterclaims under Rule 8(a), (2) plead with some particularly the factual basis giving rise to its fraud counterclaim under Rule 9(c), and

(3) identify the specific remedies it seeks to pursue in connection with its counterclaims. *Fulbright & Jaworski, L.L.P. v. Mariner Health Care, Inc.*, 2006 WL 4008730 *2 (W.D. Tex. 2006)(recognizing the pleading requirements for the factual basis underlying a fraud claim).

15. World Investment Group is not, however, required to marshal evidence in its counterclaim demonstrating its entitlement – as a matter of law – to the equitable remedy of rescission. Plaintiffs have not suggested World Investment Group's counterclaim is so unintelligible they are unable to discern what relief World Investment Group seeks in connection with its counterclaims. As such, it is proper to deny Plaintiffs' Rule 12(e) Motion.

E. **Plaintiffs' Rule 12(e) Motion Is Nothing More than an Impermissible Attempt to Obtain Discovery on Whether World Investment Group Should Receive the Equitable Remedy of Rescission in Connection with Its Common Law Fraud, Statutory Fraud, and Negligent Misrepresentation Claims.**

16. A cursory glance at Plaintiffs' Rule 12(e) Motion demonstrates it is nothing more than an attempt to conduct discovery on whether rescission is the correct remedy to award World Investment Group in connection with its common law fraud, statutory fraud, and/or negligent misrepresentation claims. That is, Plaintiffs merely contend they need more facts, information, and/or other details to ascertain whether World Investment Group is in a position to tender 170 Chem Source units to Industrial Environmental should it prevail on its statutory fraud, common law fraud, or negligent misrepresentation claims. Plaintiffs can obtain more facts, information, and/or other details it needs regarding the merits of World Investment Group's request for the equitable remedy of rescission via the discovery methods authorized by the Federal Rules of Civil Procedure.

17. It is well settled that when a party needs more facts, information, and/or other details to respond to common law fraud claims, statutory fraud claims, or negligent misrepresentation claims, discovery is the proper procedure to accomplish this task – not a Rule

12(e) motion. *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006). It is proper to deny Plaintiffs' Rule 12(e) Motion because it is nothing more than a thinly veiled attempt to: (1) have World Investment Group "marshal" evidence in support of its request for the equitable remedy of rescission in connection with its common law fraud, statutory fraud, and negligent misrepresentation counterclaims; and (2) conduct discovery on whether rescission is the appropriate remedy to award World Investment Group in connection with its common law fraud, statutory fraud, and negligent misrepresentation claims.

**F.      World Investment Group Objects to the Evidence Plaintiffs Submitted in Connection with Their Rule 12(e) Motion.**

18.     It is undisputed that Plaintiffs submitted evidence in connection with their Rule 12(e) Motion. The inclusion of evidence, however, makes no sense and violates the clear mandate of Rule 12(e). As such, World Investment Group formally objects to the evidence Plaintiffs wrongfully submitted in connection with their Rule 12(e) motion.

19.     It is beyond dispute that a request for a more definite statement under Rule 12(e) is a request to seek clarification of unintelligible pleadings. Logic dictates the only evidence necessary to ascertain whether a pleading is unintelligible is the challenged pleading itself. Extrinsic evidence should not be considered when determining whether a particular pleading is so vague and ambiguous that it has become unintelligible. Plaintiffs' inclusion of extrinsic evidence is merely an impermissible (and unsuccessful) attempt to assess the merit of World Investment Group's equitable claim for rescission. It is proper for the Court to ignore Plaintiffs' evidence when assessing whether World Investment Group sufficiently plead the factual basis for its common law fraud, statutory fraud, and negligent misrepresentation counterclaims.

**G.      World Investment Group Objects to the Unsubstantiated and Irrelevant Factual Assertions Set forth in Plaintiffs' Motion.**

20. Throughout their Rule 12(e) Motion, Plaintiffs have made naked assertions regarding the "Chesapeake" transaction. These naked assertions are merely superfluous; that is, they have absolutely no bearing on whether World Investment Group sufficiently plead its common law fraud, statutory fraud, and negligent misrepresentation counterclaims. World Investment Group has previously denied, and continues to vehemently deny, Plaintiffs' gross mischaracterization of: (1) the alleged duties it owed Plaintiffs in connection with the Chesapeake transaction; and (2) the terms, conditions, and/or substance of the Chesapeake transaction. World Investment Group has elected to refrain from submitting evidence at this time to refute Plaintiffs' naked allegations because the submission of evidence is improper in the context of a Rule 12(e) proceeding but will do so at the appropriate time. World Investment Group respectfully requests the Court to disregard Plaintiffs' naked assertions regarding the "Chesapeake" transaction because they have no bearing on their Rule 12(e) Motion.

## IV.
### PRAYER

For the reasons set forth above, World Investment Group respectfully requests that the Court: (1) deny Plaintiffs' Motion for a More Definite Statement; (2) deny Plaintiffs' Supplemental Motion for a More Definite Statement; and (3) grant World Investment Group all further relief to which it may prove itself justly entitled, in law or at equity, and general relief.

Respectfully submitted,

_s/ Derek W. Anderson_
Marshall M. Searcy, Jr.
State Bar No. 17955500
Derek W. Anderson
State Bar No. 24012215
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500
(817) 878-9280 (facsimile)
marshall.searcy@khh.com
derek.anderson@khh.com

**ATTORNEYS FOR DEFENDANT WORLD INVESTMENT GROUP LLC**

William A. Hicks
State Bar No. 09582000
Sharon E. Hicks
State Bar No. 18787500
P.O. Box 1587
Cisco, Texas 76437
(817) 850-1008
(817) 850-1011 (facsimile)
bhicks@fractech.net
shicks@fractech.net

**ATTORNEYS FOR DEFENDANTS WORLD INVESTMENT GROUP LLC**

## CERTIFICATE OF SERVICE

      I hereby certify that on this 19th day of March, 2008, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the CM/ECF system of the Court which will send a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

John Smithee
Brian P. Heinrich
David M. Russell
TEMPLETON, SMITHEE, HAYES, HEINRICH & RUSSELL, L.L.P.
320 S. Polk, Suite 1000
Lobby Box 5 (79101)
P.O. Box 15010(79105)
Amarillo, Texas
john@templetonsmithee.com
brian@templetonsmithee.com
david@templetonsmithee.com


Walker C. Friedman
Christian D. Tucker
Friedman, Suder & Cooke, A P.C.
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
wcf@fsclaw.com
tucker@cdtlaw.com


                                                                  /s/ Derek W. Anderson
                                                                  Derek W. Anderson