IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| INDUSTRIAL ENVIRONMENTAL SERVICES, LLC, an Oklahoma LLC; and MIKE WILLIAMS, Individually and as Managing Member of INDUSTRIAL ENVIRONMENTAL SERVICES, LLC, an Oklahoma LLC; <br><br> Plaintiffs, <br><br> v. <br><br> WORLD INVESTMENT GROUP LLC (a Delaware LLC); DANIEL H. WILKS; FARRIS WILKS; WILLIAM BARKER; and FRANKLIN AUTRY, all Individually and as members of World Investment Group LLC (a Delaware LLC), <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § | Case No. 1:07-cv-0178 |

**PLAINTIFFS' REPLY TO DEFENDANT WORLD INVESTMENT'S
RESPONSE AND OBJECTIONS TO PLAINTIFFS' MOTION FOR
A MORE DEFINITE STATEMENT (AND BRIEF IN SUPPORT)**

**TO THE HONORABLE JUDGE SAM R. CUMMINGS:**

Plaintiffs Mike Williams, Individually and as Managing Member of Industrial Environmental Services, LLC; and Industrial Environmental Services, LLC ("Plaintiffs" or "IE" or "Williams"), pursuant to leave of Court, file this Reply to Defendant World Investment Group's ("World's") Response and Objections to Plaintiffs' Motion for a More Definite Statement and show the Court:

# I.
## PRELIMINARY STATEMENT

1. Plaintiffs have filed suit against World and other defendants, alleging that IE was a unit-holder and member of Chem Source, LLC, along with World and one other member (Joe Jacobi).[1] In 2006, unknown to Plaintiffs, World and the other defendants had, for several months, been in the process of negotiating the sale of a 19.9% portion of Chem Source to Chesapeake Operating, Inc. at a substantial profit (through a series of complex reorganizations and transactions). Without informing Plaintiffs of the pending transaction, and by making material misrepresentations to Plaintiffs, Defendants induced Plaintiffs to sell the IE shares in Chem Source to World on or about August 25, 2006. Less than a week later, Defendants closed on the transaction with Chesapeake, resulting in a profit to Defendants of millions of dollars. Plaintiffs sued Defendants for damages under various legal theories, including fraud, failure to disclose, partial or misleading disclosure, breach of fiduciary duty, breach of operating agreement, and statutory fraud. Plaintiffs' suit was originally filed August 22, 2007.

2. Not until February 22, 2008, the date of the Court's pleading deadline, did World file a counterclaim, alleging that Plaintiffs had committed fraud as to World in the sale of the IE units in Chem Source. World, by its counterclaim, sought damages and "rescission." Plaintiffs have filed answer in which they vigorously deny that they committed fraud or any other misdeed as to World or the other defendants, and further deny that World incurred any injury.[2] Also in response to

---

[1] Because the factual recitations in this Statement are couched in terms of allegations of the parties, no evidentiary cites will be included.

[2] In its Response to Plaintiffs' Motion for a More Definite Statement (World Response, at 4), World implies that Plaintiffs have "admitted, " or "not denied," World's fraud and other assorted allegations. That is not true, and Plaintiffs object to such mischaracterization of their position. Plaintiffs have vigorously denied, and continue to vigorously deny, any allegations that Plaintiffs committed any wrongful or injurious acts to World. *See* Plaintiffs' Second Amended Complaint and Original Answer to World's First Amended Counterclaim.

World's claim for rescission, Plaintiffs have filed a F.R.C.P. 12(e) Motion for a More Definite Statement (and supplemental motion), to which World has responded. Pursuant to the Court's entry of an agreed order granting leave to file a reply, this reply is made to World's response.

## II.
### RELIEF SOUGHT BY PLAINTIFFS

3.   Plaintiffs' motion for more definite statement was filed pursuant to F.R.C.P. 12(e). Plaintiffs seek an order compelling World to plead their claim for rescission with more particularity so as to provide Plaintiffs adequate and unambiguous notice as to how World's request for rescission would restore the parties to the *status quo ante* as required by the Fifth Circuit.

## III.
### STANDARD FOR RELIEF

4.   F.R.C.P. 12 (e) provides that a responding party may petition the Court to order the pleading party to file a more definite statement of its action when the original pleading is so vague or ambiguous that the responding party cannot reasonably be required to frame a responsive pleading. Relief is appropriate if the Court finds the pleading complained of is so vague or ambiguous that Movant cannot reasonably prepare a response. *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 383-84 (1982)(Powell, J., concurring).

## IV.
### SUMMARY OF THE ARGUMENT

5.   World's claim for rescission of the "transaction" is vague and ambiguous because Plaintiffs cannot fairly ascertain whether World seeks to rescind the <u>entire</u> multi-party "Sale and Purchase Agreement" (App. 1), or whether World merely seeks to rescind the <u>portion</u> of the agreement relating to the <u>transaction</u> between World and Plaintiffs. As presently worded, the counterclaim for rescission could be construed so as to render either result. Each result would

dictate a different response. Plaintiffs have assumed, for purposes of their answer to World's claim for rescission and Plaintiffs' Motion for a More Definite Statement, that World seeks to rescind the <u>entire</u> agreement. If World does indeed seek to rescind the entire agreement, which purports to bind two contracting parties (Chem Source, LLC and Industrial Compounding, LLC) who are not parties to this action, World should so state, and should be required to provide fair notice how the Court can restore the required *status quo ante* when all parties to the contract are not before the Court. More definite notice is required so that Plaintiffs can fairly determine whether to file a F.R.C.P. 12(b)(7) motion to dismiss in response to the counterclaim for rescission. Conversely, if World seeks to rescind only a <u>portion</u> of the contract, it should be required to so plead, so that Plaintiffs can reasonably file an appropriate response to that claim. Either way, without more specific notice as to the rescission claim, both Plaintiffs and the Court are required to "guess" as to what relief World actually seeks.

## V.
### ARGUMENT

6. World Investment's pleading for rescission is vague and ambiguous because, without clarification, Plaintiffs are unable to properly respond. In its Original Counterclaim, World asks the Court to "rescind the *transaction* set forth in the Sale and Purchase Agreement[3] dated August 25, 2006 . . . ." World Investment's First Amended Counterclaim ¶ VI(a) (page 13) (italics added). The pleading is vague and ambiguous as to whether World is asking the Court to rescind the <u>entire</u> Sale and Purchase Agreement, or only the <u>portion</u> of the agreement relating to the "transaction" between World and Plaintiffs. The reason this inquiry is relevant is that there are two other parties–Chem

---

[3] For the Court's convenience, a true and correct copy of the Sale and Purchase Agreement is attached to the Appendix filed in conjunction with this Reply.

Source and Industrial Compounding--to the Sale and Purchase Agreement who are not parties to this lawsuit. The Sale and Purchase Agreement specifically provides: "This agreement shall be approved by Chem Source, LLC, Industrial Compounding, LLC ("Industrial Compounding") and Michael E. Williams, individually ("Williams"), all of whom shall be bound by the terms of the Agreement." App. 1, at 1. Indeed, a representative of both Industrial Compounding and Chem Source signed the documents on their behalf, "to evidence [their] consent and agreement to [all] provisions of this Agreement applicable to [the respective companies]." App. 1, at 5.

7. Knowing whether World now seeks to rescind the entire Sale and Purchase Agreement without the presence of all parties to the contract, or whether World seeks to rescind only the portion of the contract applicable to World and Plaintiffs is essential information because of the different types of responses that each claim would involve.

8. If World seeks to rescind the <u>entire</u> agreement, it should be required to specifically plead that claim, and then specifically plead in sufficient detail to provide notice of how the rescission it seeks would be binding upon and restore the required *status quo ante* regarding the status, rights and obligations of <u>all</u> parties to the agreement, even as to those parties not before the Court. *See Blakeney v. Lomas Info. Sys., Inc.*, 65 F.3d 482, 485 (5th Cir. 1995). Specifically, World should provide notice as to how Plaintiffs, even after a hypothetical judgment of rescission, would not still be bound to an agreement with the absent contracting parties. Generally, a party seeking rescission of a contract must join <u>all</u> parties to the contract. *Z & B Enterprises, Inc. v. Tastee-Freez Intern., Inc.*, 162 Fed. Appx. 16, 20 (1st Cir. 2006). This is so because unless all parties to the contract are joined, those parties not joined "would not be bound by a judgment concerning the invalidity or enforcement of the contracts to which they were parties." *Id.* Such a situation, "would

be a waste of judicial resources." *Id*. "No procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination are indispensable." *Lomayaktewa v. Hathaway*, 520 F.2d. 1324, 1325 (9th Cir. 1975), *cert. denied*, 425 U.S. 903 (1976), *(Court of Appeals opinion cites Broussard v. Columbia Gas Trans. Co.*, 398 F.2d 885 (5th Cir. 1968). "For, if only a part of those interested in a contract are before the court, a decree of rescission must destroy the rights of those who are absent, or leave the contract in full force as respects them; while it is set aside, and the contracting parties restored to their former condition as to the others." *Derry Finance N.V. v. Christiana Cos., Inc*., 102 F.R.D. 892, 895 (D.C. Del. 1984). If World does indeed seek rescission of the <u>entire</u> contract, as Plaintiffs have assumed, and is unable to plead clear notice of how it intends to restore the required *status quo non* as to all contracting parties, including those absent from this litigation, Plaintiffs may very well be entitled to respond with a FED. R. CIV. P. 12(b)(7) motion to dismiss World's counterclaim for rescission for failure to join a party required under F.R.C.P. 19. Quite simply, Plaintiffs cannot reasonably know <u>how</u> to respond until World is compelled to provide a more definite statement.

9.      Conversely, if World seeks to rescind only a <u>portion</u> of the Sale and Purchase Agreement, it should so plead. Unless World is able to plead and establish that the portion of the agreement it seeks to rescind is a separate and divisible portion of the agreement, it will not be entitled to rescission. *Costley v. State Farm Fire & Cas. Co.*, 894 S.W.2d 380, 387 (Tex. App.–Amarillo 1994, no writ). "It is the longstanding general rule in Texas that the rescission of a contract must be in toto." *Id*, *citing Demerit v. Bennett*, 29 Tex. 262, 269 (Tex. 1867). The only exception is that a partial rescission is permitted only when the provision sought to be rescinded is entirely divisible from the rest of the contract. *Costley*, 894 S.W.2d at 387. If, indeed, contrary to

Plaintiffs' assumption as to the construction of the ambiguous claim, World seeks only a <u>partial</u> rescission, Plaintiffs' should be provided fair notice of such claim, with an opportunity to properly respond.

## CONCLUSION AND PRAYER

Because of the reasons herein, Plaintiffs pray that their Motion and Supplemental Motion for a More Definite Statement be granted, and that, pursuant to F.R.C.P. 12(e), World be ordered to plead its rescission claim with greater particularity within ten (10) days or other time that might be set by the Court, and that, if necessary, Plaintiffs be permitted to file an amended answer in response thereto.

Respectfully submitted,

/s/ John Smithee
John Smithee
Texas State Bar No. 18768800
john@templetonsmithee.com
Brian P. Heinrich
Texas State Bar No. 09382320
brian@templetonsmithee.com
David M. Russell
Texas State Bar No. 17409300
david@templetonsmithee.com
**TEMPLETON, SMITHEE, HAYES, HEINRICH & RUSSELL, L.L.P.**
320 S. Polk, Suite 1000, Lobby Box 5 (79101)
P. O. Box 15010 (79105)
Amarillo, Texas
806-324-0324 – Telephone
806-379-8568 – Facsimile
ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

  This is to certify that a true and correct copy of the above and foregoing instrument was served upon counsel of record this 17th day of April, 2008, addressed as follows:

| | |
|---|---|
| Mr. Marshall Searcy, Jr.<br>Mr. Derek Anderson<br>KELLY HART & HALLMAN, LLP<br>201 Main Street, Suite 2500<br>Fort Worth, Texas 76102<br>*Attorneys for Daniel H. Wilks,*<br>*Farris Wilks, William Barker, World*<br>*Investment Group LLC* | Certified Mail, Return Receipt Requested ☐<br>United States Regular Mail ☐<br>Overnight Mail ☐<br>Via Facsimile Transmission ☐<br>Via Hand-Delivery ☐<br>Via Electronic Service ■ |
| Mr. Walker C. Friedman<br>604 East 4th Street, Suite 200<br>Fort Worth, Texas 76102<br>*Attorneys for Franklin Autry* | Certified Mail, Return Receipt Requested ☐<br>United States Regular Mail ☐<br>Overnight Mail ☐<br>Via Facsimile Transmission ☐<br>Via Hand-Delivery ☐<br>Via Electronic Service ■ |
| Mr. William A. Hicks<br>Ms. Sharon E. Hicks<br>P. O. Box 1587<br>Cisco, Texas 76437<br>*Attorneys for Daniel H. Wilks,*<br>*Farris Wilks, William Barker, World*<br>*Investment Group LLC* | Certified Mail, Return Receipt Requested ☐<br>United States Regular Mail ☐<br>Overnight Mail ☐<br>Via Facsimile Transmission ☐<br>Via Hand-Delivery ☐<br>Via Electronic Service ■ |

            /s/   John Smithee
            John Smithee